637 A.2d 656

COMMONWEALTH of Pennsylvania

v.

**Blaine CAIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 7, 1994.

Filed March 1, 1994.

48

James R. Protasio, Williamsport, for appellant.

Thomas A. Marino, Asst. Dist. Atty., Williamsport, for Com., appellee.

Before CIRILLO, OLSZEWSKI and HESTER, JJ.

OLSZEWSKI, Judge.

Blaine Cain appeals a one-year sentence for criminal contempt of court. The genesis of Cain's saga lies not in his own misdeeds, but in his refusal to testify in a Lycoming County drug case. Cain was serving a three and one-half to ten-year sentence for robbery at Camp Hill when he was brought back to Lycoming County to testify in the prosecution of William A. Smith. Cain had received a lenient sentence on his robbery conviction in exchange for his promise to aid the Commonwealth in other prosecutions; he had bought drugs from Smith as part of a sting operation, and now the Commonwealth needed Cain's testimony to put Smith away.

To allay Cain's self-incrimination concerns, the district attorney and court offered Cain use immunity, so that his testimony could only be used against him if he perjured himself. Despite the grant of immunity, Cain still refused to testify. The court threatened to try Cain for criminal contempt, but still Cain refused to divulge what he knew; he would remain Smith's confidence keeper. After the briefest of jury waiver and guilty plea colloquies, the court smote Cain with a criminal contempt conviction. N.T. 5/19/93 at 2–16.[1]

1. The record reveals that Cain had made up his mind not to testify, and simply wanted to get the procedure over with and get out of Lycoming County as soon as possible. Hence Cain waived his jury trial rights and

Cain argues on appeal that his contempt conviction is invalid because the court did not properly comply with the letter of 42 Pa.C.S.A. § 5947, governing immunity. This statute requires the court to issue an order granting immunity before a defendant can be held in contempt for refusing to testify. Cain contends that only the district attorney offered him immunity, and he refused to testify because of the lack of a court order confirming the offer.

 The record reveals that the district attorney offered and the court explicitly granted Cain immunity. The court did in fact issue an immunity order, but Cain made it abundantly clear that he would not testify under any circumstances.[2] The court thus did not err in directly convicting Cain of criminal contempt, having ordered Cain to testify under a properly issued grant of immunity, and having witnessed Cain's steadfast refusal.

 Cain also argues: My punishment is greater than I can bear. Specifically, Cain contends that his sentence to a full

acknowledged his contempt in order to speed things along. *See* N.T. 5/19/93 at 11, 14.

2. The court said unto Cain, "I would direct and do direct you at this time that **under the grant of use immunity,** that you are required to give testimony in this case against William A. Smith. Do you understand my Order?" And Cain replied, "Yeah, I understand your order." N.T. 5/19/93 at 9 (emphasis added). But Cain, eager to end his involvement with the Lycoming County criminal justice system, maintained his silence, even at the cost of prolonging his sentence with a criminal contempt conviction. "I got ten years, what do it matter. That's all I've got to say. I refuse to testify." *Id.* at 10.

Before actually finding Cain guilty of contempt, the court went through the routine one more time:

[The Court:] Now, I have given an Order, and so that the record is clear, I hereby ORDER and DIRECT Mr. Cain that you are to proceed with giving testimony in this case.

[Cain:] And, my answer is still no.

[The Court:] Are you stating if you were called to the witness stand and place[d] under oath to testify that you would refuse to testify?

[Cain:] I'd still refuse.

*Id.* at 11–12. Here the court did not mention immunity, but it was more than clear that the extensive promises of immunity had not suddenly evaporated. These exchanges leave us with no doubt that Cain did not refuse to testify because he feared the immunity offer might not stand up; rather, Cain's refusal was categorical.

year for contempt is excessive, and constitutes an abuse of discretion. We agree that a full year of additional imprisonment, with its potential negative effect on Cain's eligibility for parole, is a stiff sentence indeed.[3] Cain's claim is nonetheless meritless, since he specifically asked for this very sentence. To fully appreciate how unusual this claim is, we must review Cain's sentencing hearing.

After steadfastly refusing to testify, waiving a jury trial, and acknowledging his contempt, Cain appeared in the Lycoming County court the next morning for sentencing. The district attorney argued that Cain had promised to testify in this particular case, for which he was given a light sentence on his robbery conviction; hence, the court should punish Cain with a long contempt sentence. Cain's counsel countered that Cain had promised to cooperate with Lycoming County police generally, which he had done; Cain never promised to testify in the trial at hand. N.T. 5/20/93 at 6–16.

To settle the argument, the court asked that the untranscribed record of Cain's original sentencing be located and read by a court reporter. When it became evident that this might take some time, and possibly require Cain to spend another night in the Lycoming County jail, Cain's counsel surprised the district attorney and the court by volunteering to accept a full year sentence:

> THE COURT: [T]ake a moment to check with her [to] see when she would be available either for readback or, you know, whatever. If she's not going to be able to do it today we'll do it another time, but just see what her availability is if she's in a proceeding now.
>
> MR. PROTASIO [defense counsel]: Your Honor, we can resolve this matter. Go ahead and impose the one year sentence that's acceptable with my client.
>
> THE COURT: What do you mean one year?
>
> MR. PROTASIO: I believe that would be the maximum under the contempt sentence.

3. One year is the maximum permissible criminal contempt sentence for refusal to testify despite a grant of immunity. 42 Pa.C.S.A. § 5947(f).

MR. OSOKOW [D.A.]: I don't know quite frankly, Your Honor, I haven't checked.

MR. PROTASIO: Rather than continue to be held in Lycoming County Prison it's his desire to resolve this matter. He's willing to let the court go ahead and impose the maximum.

THE COURT: The Court does view that the one year sentence under all the circumstances, Mr. Osokow, is the maximum that—

MR. OSOKOW: I believe that's probably correct, Your Honor.

THE COURT: Very well. We'll proceed on the following basis.

(Whereupon, the Order was dictated.)

*Id.* at 16–17.[4] And Cain went out of the presence of the court, and dwelt in the state correctional facility at Camp Hill, in the west of Harrisburg.

██ We need not even consider our well-developed standards for challenging the discretionary aspects of a sentence; a defendant cannot ask for a particular sentence, and then complain that the court abused its discretion for imposing it. Though it cost him an extra year, Cain got precisely what he asked for: a speedy end to his stay in Lycoming County.

██ The problem with Cain's sentence lies not with its discretionary aspects, but with its legality: Cain's sentence is technically illegal because the court imposed a flat one year of imprisonment without specifying any minimum sentence. *See* R.2, Sentencing Order. Although Cain does not challenge the legality of his sentence, we may consider the issue *sua sponte. Commonwealth v. Aeschbacher,* 276 Pa.Super. 554, 419 A.2d 596 (1980). Criminal contempt is a crime punishable by imprisonment, so sentences must be imposed according to the Sentencing Code, 42 Pa.C.S.A. § 9701 *et seq. See Commonwealth v. Falkenhan,* 306 Pa.Super. 330, 345, 452 A.2d 750, 758

---

**4.** We cannot help but wonder why Cain was so keen to get out of Lycoming County as soon as possible. Did he fear that whosoever findeth him in Lycoming County should harm him?

(1982), *cert. denied,* 464 U.S. 803, 104 S.Ct. 49, 78 L.Ed.2d 69 (1983). The Code mandates that the sentencing court impose not only a maximum sentence, but also a minimum sentence which shall not exceed one-half the maximum. 42 Pa.C.S.A. § 9756(b). A flat one-year sentence does not satisfy this requirement. *Commonwealth v. Pastorkovic,* 390 Pa.Super. 1, 567 A.2d 1089 (1989).

Where a court neglects to mention a minimum sentence, appellate courts ordinarily will not fill in the missing element, but will vacate the sentence and remand for resentencing. *Aeschbacher, supra,* 276 Pa.Super. at 556, 419 A.2d at 598. In cases where the sentencing court clearly intended to impose the maximum sentence, we may amend the sentence by including a minimum term equal to one-half the maximum. *Commonwealth v. Britton,* 334 Pa.Super. 203, 221, 482 A.2d 1294, 1304 (1984), *appeal dismissed,* 509 Pa. 620, 506 A.2d 895 (1986).

In the present case, we are confident that the sentencing court would have imposed a minimum sentence of six months, and we therefore amend Cain's sentence accordingly. We also note that Cain asked for the maximum sentence in order to get out of Lycoming County as soon as possible; were we to vacate and remand for resentencing, Cain would have to return there for another sentencing hearing. *See* Rules of Criminal Procedure 1117, 1405(C), 42 Pa.C.S.A. (requiring the presence of defendant at sentencing hearing). We would not condemn Cain to such an ironic fate, lest vengeance be taken upon us sevenfold.

Judgment of sentence is affirmed as amended.