J-S01032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL JAY KERR | |
| Appellant | No. 982 WDA 2014 |

Appeal from the Judgment of Sentence May 15, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0017081-2013

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JANUARY 09, 2015**

Appellant, Daniel Jay Kerr, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his bench trial convictions for harassment and criminal mischief.[1]  We affirm Appellant's convictions but vacate the judgment of sentence and remand for resentencing.

The relevant facts and procedural history of this appeal are as follows.

> Sherra Burley [("Victim")] testified that she was dating [Appellant] during the month of November, 2013.  She testified that she was with [Appellant] on November 3, 2013, between 2:00 a.m. and 3:00 a.m. outside a bar. She testified that she had two or three beers prior to meeting [Appellant].  She explained that [Appellant] was upset with her because she was out late.  He grabbed her

_____

[1] 18 Pa.C.S.A. §§ 2709(a)(1), 3304, respectively.

hand and began pulling her down the street. She stated that she was staggering because she was wearing high heels and he was pulling her down the street. She testified that she then tried to make a phone call to find a ride home. While she was trying to make the call, [Appellant] "snatched" the phone from her hand. [Appellant] grabbed the phone and threw it to the ground and broke the phone. [Victim] picked up the phone. [Appellant] grabbed it again and threw it to the ground again. The phone was completely shattered. At that point, [Appellant] pushed [Victim] "real hard" at her collarbone area. She fell back to the ground and hit her head. She got up and tried to walk away from [Appellant]. [Appellant] followed her for approximately 50 feet. [Victim] then sat down on the curb where she and [Appellant] exchanged unpleasantries. [Victim] testified that she was "scared." [Appellant] told her to be quiet for fear that someone "would call the cops." At that point, [Appellant] grabbed her shoulder and "kneed" her in the stomach. He then struck her with an open hand in the face. She testified that she was in pain and she was bleeding. [Appellant] spit in her face. [Victim] eventually walked to [Appellant's] grandmother's house where she telephoned the police.

City of Pittsburgh Police Officer Gregory McGee testified that he responded to the scene of the incident. Officer McGee testified that [Victim] was upset and afraid of [Appellant]. Officer McGee noticed redness and swelling on the left side of [Victim's] face. Officer McGee transported [Victim] to her apartment. Officer McGee testified that he spent approximately 30 minutes with [Victim] and she did not appear intoxicated nor did she emit any odor of alcohol.

(Trial Court Opinion, filed July 29, 2014, at 1-2).

Following a bench trial, the court convicted Appellant of the summary offenses of harassment and criminal mischief. On May 15, 2014, the court sentenced Appellant to ninety (90) days' imprisonment for the summary harassment conviction. The court sentenced Appellant to a consecutive term

of ninety (90) days' probation for the summary criminal mischief conviction. Appellant did not file post-sentence motions.

Appellant timely filed a notice of appeal on Monday, June 16, 2014. That same day, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a Rule 1925(b) statement on July 7, 2014.

Appellant raises one issue for our review:

> WAS THE EVIDENCE INSUFFICIENT TO CONVICT [APPELLANT] OF HARASSMENT, IN VIOLATION OF 18 PA.C.S.A. § 2709(a)(1), WHERE [VICTIM'S] TESTIMONY WAS INHERENTLY UNTRUSTWORTHY AND [APPELLANT] PRESENTED A COHERENT AND CANDID ACCOUNT OF THE EVENTS ON THE EVENING IN QUESTION?

(Appellant's Brief at 5).

On appeal, Appellant contends Victim provided an inconsistent and inherently untrustworthy account of the incident. Appellant emphasizes Victim's admission that she consumed alcohol shortly before the incident. Appellant claims Officer McGee contradicted Victim's testimony about her injuries, because the officer did not observe scratches, bleeding, or bruises to Victim's stomach or head. Appellant also argues the incident was not as dire as Victim's testimony suggested, because Officer McGee did not take Victim to apply for a protection from abuse order immediately afterward. Likewise, Appellant notes Victim's testimony that she was screaming and crying during the altercation; nevertheless, Victim did not knock on any doors in search of assistance, and no one attempted to help her. In light of

the purported inconsistencies in Victim's testimony, Appellant asserts the court should have relied on Appellant's own rendition of the underlying facts. Significantly, Appellant reiterates his trial testimony that he did not kick or strike Victim. Appellant concludes the Commonwealth presented insufficient evidence to support his harassment conviction. We cannot agree.

Initially, we observe:

> A challenge to the sufficiency of the evidence is entirely distinct from a challenge to the weight of the evidence.

>> The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, whereas a claim challenging the weight of the evidence if granted would permit a second trial.

>> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

>> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most

favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Smith*, 853 A.2d 1020, 1028 (Pa.Super. 2004) (quoting

*Commonwealth v. Widmer*, 560 Pa. 308, 318-20, 744 A.2d 745, 751-52

(2000)). *See also Commonwealth v. Wilson*, 825 A.2d 710 (Pa.Super.

2003) (holding sufficiency of evidence review does not include assessment of

credibility of witness testimony; review of credibility of witness testimony

constitutes weight of evidence challenge).

Generally, an appellant must preserve a weight of the evidence

challenge by filing a motion in the trial court:

**Rule 607. Challenges to the Weight of the Evidence**

(A)  A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1)  orally, on the record, at any time before sentencing;

(2)  by written motion at any time before sentencing; or

(3)   in a post-sentence motion.

Pa.R.Crim.P. 607(A). "As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." **Commonwealth v. Gillard**, 850 A.2d 1273, 1277 (Pa.Super. 2004), *appeal denied*, 581 Pa. 672, 863 A.2d 1143 (2004) (internal quotation marks omitted). A claim challenging the weight of the evidence generally cannot be raised for the first time in a Rule 1925(b) statement. **Commonwealth v. Burkett**, 830 A.2d 1034 (Pa.Super. 2003). An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim, even if the trial court responds to the claim in its Rule 1925(a) opinion. **Id.**

Additionally, the Pennsylvania Crimes Code defines the offense of harassment as follows:

**§ 2709.  Harassment**

**(a)   Offense defined.**—A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

(1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same;

\* \* \*

18 Pa.C.S.A. § 2709(a)(1).

- 6 -

Instantly, Appellant attacks the credibility of Victim's testimony. As such, Appellant actually challenges the weight of the evidence supporting the harassment conviction. *See Smith, supra*; *Wilson, supra*. Here, Appellant failed to challenge the weight of the evidence before sentencing or in a post-sentence motion. Instead, Appellant raised his claim for the first time in his Rule 1925(b) statement. Therefore, Appellant's challenge to the weight of the evidence is waived. *See Gillard, supra*; Pa.R.Crim.P. 607.

Even if Appellant had properly preserved his weight challenge, no relief is due. The trial court evaluated Appellant's claim as follows:

> [The trial court] determined that the testimony of [Victim] and Officer McGee was credible. [The trial court] did not find that [Appellant's] testimony was credible. The credible testimony of [Victim] and Officer McGee established that [Victim] was not intoxicated at the time of the incident. [Victim's] testimony established that [Appellant] pushed her in the shoulder causing her to fall back and hit her head. Her testimony also established that [Appellant] "kneed" her and struck her in the face with an open hand. [Appellant] also spit in [Victim's] face. Officer McGee's testimony corroborated [Victim's] testimony as Officer McGee testified that he observed redness and swelling on [Victim's] face. The credible evidence established that [Appellant] struck [Victim] in the face, shoved her near her collarbone and kicked (or "kneed") her in the stomach with the intent to harass, annoy or alarm her.

(*See* Trial Court Opinion at 4-5.) The court credited Victim's version of the facts regarding the assault. Even if properly preserved, we would see no error in the court's resolution of Appellant's claim. *See Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542

U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (explaining weight of evidence is exclusively for finder of fact who is free to believe all, part, or none of evidence and to determine the credibility of witnesses; appellate court cannot substitute its judgment for that of finder of fact).

Nevertheless, we do see in the record a problem with the legality of Appellant's sentence. *See Commonwealth v. Randal*, 837 A.2d 1211 (Pa.Super. 2003) (*en banc*) (stating appellate court can raise and review legality of sentence *sua sponte*); *Commonwealth v. Watson*, 945 A.2d 174, 178-79 (Pa.Super. 2008) (stating: "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated"). Specifically, a flat sentence of ninety (90) days' imprisonment for a summary harassment conviction is illegal and must be corrected. *See Commonwealth v. Mitchell*, 986 A.2d 1241 (Pa.Super. 2009) (holding imposition of flat sentence of confinement for summary harassment is illegal); *Commonwealth v. Duda*, 831 A.2d 728 (Pa.Super. 2003) (holding same). *See generally Commonwealth v. Robinson*, 7 A.3d 868 (Pa.Super. 2010) (reiterating that issue concerning court's power to impose given sentence implicates legality of sentence; sentencing code requires court to impose maximum and minimum sentence of confinement per 42 Pa.C.S.A. § 9756); *Commonwealth v. Cain*, 637 A.2d 656, 658-59 (Pa.Super. 1994) (stating, unless otherwise specified in the Sentencing Code, flat sentence of confinement or one that fails to set

minimum term violates Section 9756 of sentencing code).

Instantly, the trial court imposed a flat sentence of ninety (90) days incarceration for the summary harassment conviction, which is an illegal sentence that must be corrected. Accordingly we affirm Appellant's convictions but must vacate his judgment of sentence and remand for re-sentencing. *See Commonwealth v. Bartrug*, 732 A.2d 1287 (Pa.Super. 1999), *appeal denied*, 561 Pa. 651, 747 A.2d 896 (1999) (stating if trial court errs in its sentence on one count in multi-count case, then all sentences for all counts should be vacated so court can restructure its entire sentencing scheme).

Judgment of sentence vacated; case remanded for re-sentencing. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2015