J-S01041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARLES SMITH | |
| Appellant | No. 1259 WDA 2014 |

Appeal from the Judgment of Sentence July 29, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000045-2012

BEFORE: GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED FEBRUARY 19, 2015**

Appellant, Charles Smith, appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas, following his jury trial convictions for two (2) counts of persons not to possess firearms and one (1) count each of criminal conspiracy, possession with intent to deliver ("PWID"), simple possession, and possession of drug paraphernalia.[1] We vacate and remand for resentencing.

In a prior appeal, this Court set forth the relevant facts and some of the procedural history of this case as follows:

> On November 1, 2011, Detectives Thomas Patton, Antonio Muniz and Christopher Kozlowski of the

_____

[1] 18 Pa.C.S.A. §§ 6105, 903; 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32), respectively.

Fayette County Drug Task Force arrived at 334 Breakiron Road, Bullskin Township, Fayette County, Pennsylvania, where they met a confidential informant ("CI"). The CI had previously informed the police that crack cocaine could be purchased from inside one of the two mobile home trailers located at 334 Breakiron Road.

The CI was then driven to a secure location and searched by the detectives for money and contraband. Following the search, the CI was given $25.00 in marked U.S. currency and was then returned to 334 Breakiron Road by the detectives. After a few moments inside 334 Breakiron Road, the CI reemerged with a small plastic baggie containing what the detectives suspected to be crack cocaine. Shortly thereafter, the detectives obtained a search warrant for 334 Breakiron Road. The detectives returned to the location along with two additional police officers and a search warrant that same night…. Upon entering one of the trailers, the detectives observed an African American male, later identified as Leron Brown from Pittsburgh, Pennsylvania, retreat to a back bedroom where he was eventually apprehended. Detective Kozlowski discovered a plastic baggie containing cocaine only a few feet away from Brown's location. [Detective] Muniz also uncovered a revolver in the trailer's ventilation ductwork and a muzzleloader in one of the closets. The detectives also found spoons, syringes, a digital scale, two cell phones, $461.00 in cash, phone numbers and "owe sheets" that night as well.

[Appellant] was also found inside the trailer. After being **Mirandized**[,[2] Appellant] admitted that he knew and permitted Leron Brown to sell drugs from the trailer.

(Trial Court Opinion, [filed June 20, 2013], at 2-3).

---

[2] **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

> At trial, the Commonwealth did not present the CI as a witness. Accordingly, Appellant's counsel requested a missing witness jury instruction for the CI, which the court denied. Ultimately, [on November 6, 2012,] the jury convicted Appellant of all counts with which he was charged. After the jury returned its verdict, Appellant had an outburst in the courtroom, for which the judge found him in contempt and sentenced him to a flat term of six months' imprisonment. On December 6, 2012, the court sentenced Appellant on his other convictions to a total term of 7 to 14 years' incarceration,[3] consecutive to the contempt term. Appellant filed a timely notice of appeal on December 19, 2012.

*Commonwealth v. Smith*, No. 2006 WDA 2012, unpublished memorandum at 2-3 (Pa.Super. filed June 16, 2014) (some internal citations to the record omitted). On appeal, this Court held the trial court did not err when it denied Appellant's request for a missing witness instruction. Nevertheless, this Court determined Appellant's flat six-month term of incarceration for his contempt of court conviction was illegal, vacated Appellant's judgment of sentence with respect to all of his convictions, and remanded for resentencing.

On remand, the trial court initially resentenced Appellant on July 29, 2014, to a term of three (3) to six (6) months' incarceration for the

_____

[3] Appellant's December 6, 2012 sentence included a mandatory minimum term for the PWID conviction pursuant to 18 Pa.C.S.A. § 7508(a)(3)(ii) (mandating minimum of five (5) years' incarceration for PWID conviction where weight of drugs is between ten (10) and one hundred (100) grams and, at time of sentencing, defendant has been convicted of another drug trafficking offense).

contempt of court conviction, to run consecutively with the sentence imposed on December 6, 2012.[4] Appellant filed a timely notice of appeal on August 1, 2014. The court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); Appellant timely complied.

While the appeal was pending, the trial court held a resentencing hearing on October 9, 2014, because the court was concerned that it had not complied in full with the remand instructions, where the court resentenced Appellant on the contempt conviction but left the rest of the December 6, 2012 sentences alone. The court purported to "resentence" Appellant for his jury trial convictions to an aggregate term of seven (7) to fourteen (14) years' incarceration, to run consecutively to the contempt sentence imposed on July 29, 2014.

Appellant raises a single issue for our review:

> WHETHER THE TRIAL COURT ERRED BY NOT GIVING THE JURY THE MISSING WITNESS INSTRUCTION WITH RESPECT TO THE COMMONWEALTH'S CONFIDENTIAL INFORMANT WHEN THE COMMONWEALTH FAILED TO CALL ITS CONFIDENTIAL INFORMANT AS A WITNESS?

(Appellant's Brief at 7).

As a prefatory matter, we observe the trial court lacked jurisdiction to

_____

[4] The notice of appeal indicates that Appellant is appealing from the "[j]udgment of [s]entence dated DECEMBER 6[,] 2014 and JULY 29, 2014." We observe that the correct date of the original judgment of sentence for Appellant's jury trial convictions is December 6, **2012**.

"resentence" Appellant on October 9, 2014, more than two months after Appellant had filed his notice of appeal. ***See Commonwealth v. Archer***, 722 A.2d 203 (Pa.Super. 1998) (*en banc*) (stating challenge to court's jurisdiction to impose sentence is non-waivable challenge to legality of sentence, which this Court can raise *sua sponte*).

Pennsylvania Rule of Appellate Procedure 1701 states in relevant part as follows:

**Rule 1701.  Effect of Appeal Generally**

**(a)  General Rule.**  Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

**(b)  Authority of a trial court or agency after appeal.**  After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

(1)   Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

(2)   Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

(3)   Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i)  an application for reconsideration of the order is filed in the trial court or other government unit

within the time provided or prescribed by law; and

(ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

*     *     *

(4)    Authorize the taking of depositions or the preservation of testimony where required in the interest of justice.

(5)    Take any action directed or authorized on application by the appellate court.

(6)    Proceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order.

Pa.R.A.P. 1701(a)-(b).    Additionally: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."   42 Pa.C.S.A. § 5505.   **_See also Commonwealth v. Walters_**, 814 A.2d 253 (Pa.Super. 2002), _appeal denied_, 574 Pa. 760, 831 A.2d 599 (2003) (stating that barring mistake or fraud, trial court has no jurisdiction to modify sentence after appeal is taken).

Instantly, on July 29, 2014, the trial court resentenced Appellant on his contempt of court conviction to a term of three (3) to six (6) months'

incarceration, to run consecutively to the December 6, 2012 sentence imposed for Appellant's jury trial convictions. The court explicitly stated: "In all other respects, the sentence of this [c]ourt of December 6, 2012 shall remain in full force and effect." (N.T. Resentence Proceedings, 7/29/14, at 2-3). Appellant did not file any post-sentence motions. Instead, Appellant timely filed a notice of appeal on August 1, 2014.

Notwithstanding the pending appeal, the court held a hearing on October 9, 2014, where it purported to "resentence" Appellant on his jury trial convictions in accordance with this Court's remand instructions. Appellant's prior filing of a notice of appeal, however, divested the trial court of jurisdiction over this case. *See* Pa.R.A.P. 1701; *Walters, supra*. None of the exceptions enumerated in Rule 1701(b) endowed the court with the authority to modify Appellant's sentence more than two months after Appellant had filed his notice of appeal. Therefore, the court's "resentencing" of Appellant on October 9, 2014, is void.

Nevertheless, Appellant's appeal from the judgment of sentence imposed on July 29, 2014 is properly before us.[5] When the court resentenced Appellant on July 29, 2014, however, it failed to follow this

_____

[5] Appellant also purports to appeal from the judgment of sentence dated December 6, 2012. In the previous appeal, however, this Court vacated the judgment of sentence imposed on that date. Thus, the current appeal is properly before us solely with respect to the judgment of sentence imposed on July 29, 2014.

Court's remand instructions to resentence Appellant on **all** of his convictions. Additionally, the court ordered Appellant's new contempt sentence to run consecutively to the December 6, 2012 sentence this Court had vacated on appeal. Therefore, we vacate the July 29, 2014 judgment of sentence and remand for full resentencing on all of Appellant's convictions. **See Commonwealth v. Goldhammer**, 512 Pa. 587, 517 A.2d 1280, (1986), *cert. denied*, 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987) (stating if appellate court alters overall sentencing scheme, then remand for resentencing is proper).

Resentencing should be guided by the following principles:

### § 9756. Sentence of total confinement

**(a) General rule.—**In imposing a sentence of total confinement the court shall at the time of sentencing specify any maximum period up to the limit authorized by law and whether the sentence shall commence in a correctional or other appropriate institution.

**(b) Minimum sentence.—**

(1) The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed.

\* \* \*

42 Pa.C.S.A. § 9756.

Criminal contempt is a crime punishable by imprisonment, so sentences must be imposed according to the Sentencing Code, 42 Pa.C.S.A § 9701 *et seq.* **See Commonwealth v. Falkenhan**,…452 A.2d 750, 758 ([Pa.Super.] 1982), *cert. denied*, 464 U.S. 803, 104 S.Ct. 49, 78 L.Ed.2d 69 (1983). The Code mandates that the sentencing court

> impose not only a maximum sentence, but also a minimum sentence which shall not exceed one-half the maximum[.] 42 Pa.C.S.A. § 9756(b). A flat…sentence does not satisfy this requirement.

***Commonwealth v. Williams***, 753 A.2d 856, 865 (Pa.Super. 2000), *appeal denied*, 567 Pa. 713, 785 A.2d 89 (2000) (quoting ***Commonwealth v. Cain***, 637 A.2d 656, 658 (Pa.Super. 1994)).

Additionally, with respect to the imposition of a mandatory minimum sentence per 18 Pa.C.S.A. § 7508, we are mindful of the United States Supreme Court's decision in ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), in which the Court expressly held that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt. Section 7508(a)(3)(ii) mandates a minimum sentence of five (5) years' incarceration where a defendant is convicted of PWID involving at least ten (10) grams but less than one hundred (100) grams of cocaine and, at time of sentencing, the defendant has been convicted of another drug trafficking offense. 18 Pa.C.S.A. § 7508(a)(3)(ii). Section 7508(b) states that the statutory provisions shall not be an element of the crime and applicability of the statute shall be determined at sentencing by a preponderance of the evidence. Recently, in ***Commonwealth v. Newman***, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), this Court addressed the constitutionality of a similar statute, 42 Pa.C.S.A. § 9712.1, in light of the United States Supreme Court's decision in ***Alleyne,***

***supra***.[6]  Relying on ***Alleyne***, ***Newman*** held that Section 9712.1 can no longer pass constitutional muster as it "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, or that a firearm was in close proximity to the drugs." ***Newman, supra*** at 98.  Thus, this Court vacated Newman's PWID sentence and remanded for resentencing without imposition of the mandatory minimum under Section 9712.1.  ***See also Commonwealth v. Valentine***, 101 A.3d 801 (Pa.Super. 2014) (involving appeal of sentence arising from jury trial; extending logic of ***Alleyne*** and ***Newman*** to Sections 42 Pa.C.S.A. §§ 9712, 9713 and holding those sections are likewise unconstitutional insofar as they permit automatic increase of defendant's sentence based on preponderance of evidence standard).

Subsequently, this Court directly addressed the constitutionality of Section 7508 in ***Commonwealth v. Vargas***, ____ A.3d ____, 2014 PA Super 289 (filed December 31, 2014) (*en banc*), where the trial court imposed a mandatory minimum sentence for a PWID conviction, pursuant to Section 7508(a)(7)(iii).  On appeal, this Court emphasized that Section 7508 "is

---

[6] This Court also made clear that ***Alleyne*** is subject to limited retroactivity; in other words, ***Alleyne*** is applicable to all criminal cases still pending on direct review.  ***Id.*** at 90.  Because Newman's case was still pending on direct appeal, the holding in ***Alleyne*** applied to Newman's case, just as it also applies to Appellant's direct appeal now before us.

structured in the same manner as the statutes at issue in ***Newman*** and ***Valentine***…." ***Id.*** at **\*17**. This Court concluded that Section 7508 is also unconstitutional.

Here, a jury convicted Appellant of PWID and related charges. The court applied Section 7508 when it initially sentenced Appellant on December 6, 2012, and again when it purported to resentence Appellant on July 29, 2014 and on October 9, 2014. Given this Court's binding decisions in ***Newman***, ***Valentine***, and ***Vargas***, however, any application of Section 7508 results in an illegal sentence. Accordingly, upon remand, the trial court must resentence Appellant on all of his convictions without imposition of a Section 7508 mandatory minimum term. Additionally, each sentence of total confinement must consist of a maximum term and a minimum term which does not exceed one-half of the maximum term imposed. ***See*** 42 Pa.C.S.A. § 9756; ***Williams, supra***.

Finally, with regard to his sole issue raised on this appeal, Appellant argues the CI—if called to testify—could have corroborated Appellant's claim that Appellant was not in the trailer earlier in the day when the CI purchased drugs, but went inside the trailer later only to order the occupants to leave. Likewise, according to Appellant, the CI could have testified that other individuals were present in the trailer at the time of the transaction and Leron Brown was in exclusive possession of the firearms Appellant was convicted of possessing. Appellant asserts the CI's testimony would not

have been cumulative, given the complete lack of evidence regarding what transpired inside the trailer when the CI entered it. Because the CI did not testify at trial, Appellant claims he was entitled to a missing witness instruction. Appellant concludes the trial court's denial of his request for a missing witness instruction entitles Appellant to a new trial. We cannot agree.

In an appeal following a limited remand, an appellant may not raise new issues wholly unrelated to the issues on remand. ***Commonwealth v. Lawson***, 789 A.2d 252, 253 (Pa.Super. 2001). Also, under the law of the case doctrine, "a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." ***Commonwealth v. Starr***, 541 Pa. 564, 574, 664 A.2d 1326, 1331 (1995).

> Among the related but distinct rules which make up the law of the case doctrine are that: (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) **upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court**; and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.
>
> The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy (as does the coordinate jurisdiction rule) but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case;

(4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

*Id.* (internal citations omitted) (emphasis added).  Nevertheless,

the law of the case doctrine might not apply under exceptional circumstances, including: an intervening change in the law, a substantial change in the facts, or if the prior ruling was "clearly erroneous" and "would create a manifest injustice if followed."

*Commonwealth v. McCandless*, 880 A.2d 1262, 1268 (Pa.Super. 2005) (*en banc*) (quoting *Starr, supra* at 1332).

Instantly, in Appellant's prior appeal, this Court remanded this case for resentencing because the trial court had imposed an illegal flat six-month term of incarceration for Appellant's contempt conviction.  Correction of Appellant's illegal sentence was the sole purpose for the limited remand. Therefore, Appellant's single issue in the current appeal regarding the missing witness jury instruction is outside the scope of this Court's previous remand order and, on that basis, we will not consider it.  *See Lawson, supra*.

Significantly, Appellant raised this exact issue in his previous appeal, and this Court already addressed and rejected Appellant's claim concerning a missing witness instruction as follows:

Here, Appellant contends that the CI was only available to the Commonwealth as a witness, the CI had special information material to the issue of Appellant's guilt, and this information would not encompass merely cumulative evidence.  Appellant argues that the CI—if called to testify—could have corroborated Appellant's claim that he was not at the trailer earlier in the day when the CI

- 13 -

purchased drugs, but was present when detectives arrived later because he was trying to evict the occupants involved with selling drugs. Further, Appellant contends that the CI could have confirmed that Leron Brown was exclusively responsible for the contraband and activities taking place in the trailer. Because the CI possessed this information and did not testify at trial, Appellant asserts that the trial court should have given the missing witness instruction to the jury.

However, as discerned by the trial court, Appellant's charges resulted from knowingly permitting individuals to sell illegal drugs from his trailer. The Commonwealth only sought to prove that Appellant was a part of the conspiracy. Thus, the CI's testimony would have been immaterial because the Commonwealth prosecuted Appellant for permitting the sale of drugs from his trailer, not for directly selling drugs to the CI. In fact, there was no allegation that Appellant sold drugs to the CI. Further, the CI's testimony would have been cumulative because there was other testimony offered that Appellant was not present at the trailer for very long before police arrived, and that Appellant went to the trailer to evict the occupants. Moreover, other testimony was offered that police found several pieces of evidence in the possession of Leron Brown, not Appellant.

Additionally, in light of this Court's standard of review for jury instructions discussed *supra*, Appellant has not sufficiently established that he was prejudiced by the trial court's refusal to give the missing witness jury instruction to such an extent that a new trial is warranted. Appellant confessed to police that he permitted Leron Brown to use his trailer to sell drugs in exchange for narcotics; thus, Appellant cannot prove that he was prejudiced given the overwhelming evidence of his participation in the conspiracy. The trial court, therefore, did not err in denying Appellant's request for the missing witness jury instruction.

**Smith, supra** at 5-6 (internal citations to the record omitted). Appellant

does not suggest any exceptional circumstances to compel reconsideration

of this Court's previous decision regarding Appellant's question on appeal. Absent exceptional circumstances, we decline to alter this Court's previous resolution of Appellant's issue. *See Starr, supra*. Accordingly, we give this substantive issue no further attention.

Based on the foregoing, we continue to affirm Appellant's convictions, but we vacate the judgment of sentence in its entirety, and remand solely for resentencing without imposition of any mandatory minimum or flat term of incarceration.

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2015