J-S57036-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD LINTON CRAWFORD, III, | : | |
| | : | |
| Appellant | : | No. 108 WDA 2016 |

Appeal from the Judgment of Sentence January 13, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001906-2015

BEFORE:    FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED SEPTEMBER 12, 2016**

Richard Linton Crawford, III (Appellant) appeals *pro se* from the January 13, 2016 judgment of sentence imposed after he was convicted of two counts of driving under the influence of alcohol or controlled substance (DUI).   Upon review, we vacate Appellant's judgment of sentence and remand for re-sentencing consistent with this memorandum.

On November 14, 2014, Appellant was found slumped over the wheel of his vehicle at an intersection in the South Side neighborhood of Pittsburgh, Pennsylvania.   Police were able to get Appellant out of the vehicle, and they then observed Appellant exhibiting signs of intoxication. Appellant failed field sobriety testing and refused to submit to chemical testing.   Because Appellant could not identify someone to pick him up from the police station, he was transferred to the Allegheny County Jail.

_____
*Retired Senior Judge assigned to the Superior Court.

Appellant was charged with two counts of DUI as a result of this incident. Appellant then filed *pro se* a document which purported to object to the jurisdiction of Pennsylvania courts and demand dismissal of the charges (Special Appearance Filing).[1] On June 23, 2015, the Office of the Public Defender was appointed to represent Appellant. On July 14, 2015, Appellant filed a similar, if not identical, Special Appearance Filing, objecting to the court's jurisdiction and demanding the charges be dismissed. On August 11, 2015, the trial court denied Appellant's Special Appearance Filing.

A non-jury trial was held on November 17, 2015. Appellant elected to proceed *pro se*, and the trial court permitted counsel to withdraw. The Commonwealth presented its case, and Appellant chose not to present any witnesses or testify on his behalf. The trial court found Appellant guilty of two counts of DUI.

On January 13, 2016, Appellant was sentenced on one count of DUI to a three-day term of incarceration, a concurrent six months of probation, and a $1,000 fine.[2] Appellant did not file post-sentence motions, but timely filed

---

[1] This filing, entitled "Special Appearance of Richard Linton Crawford, III By Affidavit Objecting to Subject Matter/Venue and *In Personam* Jurisdiction and Demand for Dismissal," sets forth incoherent statements and appears to be broken down into eleven sections, each entitled "Fatal Defect Issue In Law." **See** Special Appearance Filing, 1/29/2015.

[2] Appellant was not further penalized for the second count of DUI.

a notice of appeal. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. In response, Appellant filed the same Special Appearance Filing that he had filed previously.

On appeal, Appellant has set forth several issues in a rambling and incoherent way. In attempting to examine these issues, we are cognizant of the trial court's analysis of Appellant's case.

> [Appellant's] Rule 1925(b) concise statement of errors complained of on appeal raises 8 issues on appeal and he refers to each as Fatal Defect Issue in Law. These allegations of fatal defect are difficult to summarize as [Appellant] fails to state with specificity what the allegations of error are, or how they apply to this case. In fact, it is impossible for this court to determine exactly how to respond to these alleged defects as they appear to be excerpts from various cases and statutes. Throughout this case [Appellant] has raised issues of jurisdiction in various filings. In his non-jury trial [Appellant] did not ask a single question or present any evidence. The evidence established that [Appellant] was guilty of [DUI] on November 14, 2014 in Allegheny County.
>
> Because [Appellant] has failed to raise any specific allegations of error, and has not challenged the sufficiency or weight of the evidence his judgment of sentence should be affirmed. The various allegations raising issues of jurisdiction should be rejected.

Trial Court Opinion, 2/19/2016, at 2-3 (unnecessary capitalization omitted).

Based on this rationale, we are not persuaded that he is entitled to relief. At trial, Appellant was given several opportunities to present evidence and ask questions. He elected not to do so, instead stating that "everything I wanted to say is in that motion." N.T., 11/17/2015, at 34. Thus, his

argument before the trial court, as it is here, is limited to the incoherent allegations he set forth in the Special Appearance Filing and reiterated several times since.

To the extent we are able to address Appellant's issues, Appellant's primary complaint is that the trial court lacked jurisdiction over him because the Department of Transportation, rather than the judiciary, is authorized to enforce the motor vehicle code violations. Appellant's Brief at 13-20. This precise argument has been considered and rejected by this Court. **See Commonwealth v. Soder**, 905 A.2d 502, 503 (Pa. Super. 2006) (holding that "the proper forum for violations of the motor vehicle code is [not] an administrative body," but "jurisdiction is properly before the judiciary").

Finally, we are compelled to address the sentence imposed upon Appellant because his flat sentence of three days of incarceration is illegal.[3] The trial court applied properly section 3804(c)(1)[4] in sentencing Appellant

---

[3] We recognize that this issue was not raised by the trial court, the Commonwealth, or Appellant. However, "[l]egality of sentence questions … may be raised *sua sponte* by this Court." **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa. Super. 2013). Moreover, "a claim that a flat sentence should have instead had minimum and maximum terms goes to the legality of the sentence, and such issues are non-waivable." **Commonwealth v. Postie**, 110 A.3d 1034, 1043 (Pa. Super. 2015).

[4] That section provides that "[a]n individual who violates section 3802(a)(1) and refused testing of blood or breath … [, f]or a first offense, to … undergo imprisonment of not less than 72 consecutive hours[.]" 75 Pa.C.S. § 3804(c)(1). This section increases the penalty for a driver convicted of DUI who also refused either blood or breath testing. We are mindful that on June 23, 2016, the United States Supreme Court held unconstitutional the

for his conviction under 75 Pa.C.S. § 3802(a)(1). However, with respect to section 3804(c)(1), the trial court neglected to specify maximum and minimum terms of incarceration pursuant to 42 Pa.C.S. § 9756.

> Where the sentence is one of total confinement …, the court is compelled to state a maximum sentence, which is, in effect, the full sentence to be served, and a minimum sentence, which specifies the date on which the defendant, once jailed, is eligible for parole. The Sentencing Code mandates this maximum/minimum configuration, and specifies that the minimum sentence imposed "shall not exceed one-half of the maximum sentence imposed." *See* 42 Pa.C.S. § 9756(a), (b)(1). A "flat" sentence, which fails to specify the required minimum term for purposes of parole eligibility, violates these requirements of the Sentencing Code and is therefore illegal. *See Commonwealth v. Cain*, [] 637 A.2d 656, 658–59 ([Pa. Super.] 1994) ("Cain's sentence is technically illegal because the court imposed a flat one year of imprisonment without specifying any minimum sentence."). Consequently, the form in which the court imposed sentence here constitutes reversible error. *Id*. at 659. ("Where a court neglects to mention a minimum sentence, appellate courts ordinarily will not fill in the missing element, but will vacate the sentence and remand for resentencing.").

*Commonwealth v. Basinger*, 982 A.2d 121, 127 (Pa. Super. 2009). *See also Commonwealth v. Postie*, 110 A.3d 1034 (Pa. Super. 2015) (holding

---

practice of criminalizing the failure to consent to **blood** testing upon being suspected of DUI. *See Birchfield v. North Dakota*, 136 S.Ct. 2160, 2186 (2016) (holding "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense"). However, *Birchfield* held specifically that it is permissible to criminalize the refusal to submit to breath testing. "Because breath tests are significantly less intrusive than blood tests and in most cases amply serve law enforcement interests, we conclude that a breath test, but not a blood test, may be administered as a search incident to a lawful arrest for drunk driving. As in all cases involving reasonable searches incident to arrest, a warrant is not needed in this situation." *Id*. at 2185. Instantly, Appellant refused to submit to breath testing; accordingly, the *Birchfield* holding related to blood testing is inapplicable in this case.

flat sentence of four months was illegal for conviction of driving while operating privileges are suspended or revoked).

Based on the foregoing, Appellant's sentence is illegal because the trial court did not utilize the maximum/minimum configuration required by statute. Accordingly, we vacate Appellant's judgment of sentence in this regard only.

In conclusion, we agree with the trial court that the evidence was sufficient to convict Appellant of DUI, and Appellant has presented no issue on appeal which would convince us to reverse the judgment of sentence on that basis. However, we vacate Appellant's judgment of sentence and remand for re-sentencing consistent with this memorandum.

Judgment of sentence vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2016