J-S45026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| SAAD MASOOD | : | |
| Appellant | : | No. 2727 EDA 2019 |

Appeal from the Judgment of Sentence Entered August 20, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): MC-51-MD-0000174-2019,
MC-51-MD-0000175-2019.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| SAAD MASOOD | : | |
| Appellant | : | No. 2728 EDA 2019 |

Appeal from the Judgment of Sentence Entered August 20, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): MC-51-MD-0000174-2019,
MC-51-MD-0000175-2019.

BEFORE: BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED: MAY 28, 2021**

Saad Masood appeals from the judgments of sentence imposed at two

criminal dockets following his conviction of two counts of direct criminal

contempt.[1]    We affirm Masood's convictions, vacate his judgments of sentence, and remand for resentencing at both dockets.

The relevant factual and procedural history can be summarized as follows.  Masood had been charged with criminal offenses at two dockets which were consolidated for trial.  During a break in that trial, Masood screamed obscenities at the prosecutor while she was walking down the hallway to another courtroom.  Specifically, Masood called the prosecutor a f--king bitch, a f--king whore and told her to go f--k herself.  During another recess in that trial, the trial court judge saw Masood make a gesture toward the side of the room where the prosecutor was sitting.  The judge was later informed by court staff that the gesture Masood made was a double-middle-finger gesture.

While the jury deliberated his criminal charges, the trial court held a separate hearing to determine whether Masood committed direct criminal contempt.  The court heard testimony from the prosecutor, who testified regarding the obscenities that Masood screamed at her, as well as comment's from Masood's counsel regarding the incidents.  Thereafter, Masood admitted that he said those things to the prosecutor.  N.T., 8/20/19, at 4-5.  The trial court additionally asked Masood if he had made a double-middle-finger gesture toward the prosecutor, and Masood admitted that he did.  *Id*. at 9-10.

_____

[1] *See* 42 Pa.C.S.A. § 4132(3).

Based on this evidence, the trial court found Masood guilty of two counts of direct criminal contempt and imposed a sentence of thirty days on the first count of contempt pertaining to Masood's screaming obscenities at the prosecutor. The court imposed no further penalty on the second count of direct criminal contempt pertaining to Masood's double-middle-finger gesture toward the prosecutor. The order imposing judgment of sentence for the direct criminal contempt convictions was filed at both dockets. Masood thereafter filed a single *pro se* notice of appeal of the judgment of sentence at one docket which listed both docket numbers.[2]

Subsequently, on December 27, 2019, this Court issued a rule to show cause at each of the above-listed cases as to why the appeal should not be quashed in light of the Pennsylvania Supreme Court's holding on June 1, 2018, in **Commonwealth v. Walker,** 185 A.3d 969, 971 (Pa. 2018) (requiring a separate notice of appeal to be filed at each docket where a single order resolves issues arising on more than one docket); **see also** Pa.R.A.P. 341, Comment. Masood filed responses to the rules to show cause on December 30, 2019. On January 17, 2020, this Court issued a *per curiam* order which *sua sponte* consolidated the appeals without prejudice for the merits panel to quash either or both of the appeals upon review.

---

[2] The trial court did not order Masood to file a Pa.R.A.P. 1925(b) concise statement. In lieu of filing a Pa.R.A.P. 1925(a) opinion, the trial court referred this Court to the notes of testimony for the contempt proceeding.

On appeal, Masood raises the following issues for our review.

1. Should this Court quash either of . . . Masood's appeals?

2. Did the proceedings in the lower court violate . . . Masood's rights to due process?

3. Did the trial court impose an illegal sentence?

Masood's Brief at 5 (unnecessary capitalization omitted).

Before we reach the merits of the issues Masood presents on appeal, we first must address this Court's rules to show cause. In *Walker*, the High Court held prospectively that where, as here, a single order resolves issues arising on more than one docket, an appellant's failure to file a separate notice of appeal for each case will result in quashal. *See* 185 A.3d at 977; *see also* Pa.R.A.P. 341, Comment.

In his responses to the rules to show cause, Masood concedes that his single *pro se* notice of appeal did not comply with Rule 341 because it was filed at only one docket and contained two trial court docket numbers. However, Masood argues that, when he filed the single notice of appeal, he was incarcerated, and "due to the expense of doing so, it was not feasible for [Masood] to file two [n]otices of [a]ppeal as required by Pa.R.A.P. 341 and confirmed in [*Walker*]." Response to Rule to Show Cause, 12/30/19, at 2 (unnumbered).[3] Masood further argues that his defense counsel subsequently

_____

[3] At each of the two docket numbers, the certified record contains a notice of appeal bearing both docket numbers, suggesting that separate notices of

*(Footnote Continued Next Page)*

"provided this Court with the requisite documentation, *i.e.*, [d]ocketing statements, applications for extension of time, for the appeals of both cases." *Id*. (unnecessary capitalization omitted)

As noted above, the failure to file separate notices of appeal from an order involving more than one docket requires the appellate court to quash the appeals. *Walker*, 185 A.3d at 977. Instantly, Masood indicates that he understood that he was required to file a separate notice of appeal at each docket. Nevertheless, he filed a single *pro se* notice of appeal at only one docket which notice listed multiple docket numbers. Masood filed no notice of appeal at the other docket. Thus, under *Walker*, quashal would be appropriate.

However, our inquiry does not end here. Before our Court may quash the instant appeal, we must determine whether an administrative breakdown in the court system excuses the improper filing of the notice of appeal. *See Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007). This Court has held that the failure to advise a defendant of his post-sentence and appellate rights constitutes a breakdown in the court system. *See id*.

---

appeal were filed at each docket number. However, closer examination reveals that the notices of appeal at Nos. MC-51-MD-0000174-2019 and MC-51-MD-0000175-2019 are photocopies of one original notice of appeal filed at MC-51-MD-0000174-2019. This is consistent with Masood's candid admission in his responses to the rules to show cause that he styled the notice of appeal as a single document referencing the two docket numbers at which he sought to appeal. *See* Response to Rule to Show Cause, 12/30/19, at 2 (unnumbered).

(compiling cases in which the "courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court, at the time of sentencing, either failed to advise [a]ppellant of his post-sentence and appellate rights or misadvised him").

Additionally, Pennsylvania Rule of Criminal Procedure 704(C)(3)(a) states that, at the time of sentencing, "[t]he judge shall determine on the record that the defendant has been advised . . . of the right to file a post-sentence motion and to appeal, [and] of the time within which the defendant must exercise those rights[.]" Pa.R.Crim.P. 704(C)(3)(a). The Comment to this Rule provides that "[t]his rule is intended to promote . . . fair sentencing procedures . . . by requiring that the defendant be fully informed of his or her post-sentence rights and the procedural requirements which must be met to preserve those rights." Pa.R.Crim.P. 704, Comment; *see also Patterson*, 940 A.2d at 498.

Masood points out that neither the trial court nor defense counsel advised him of his post-sentence and appellate rights after he was sentenced on the contempt convictions. Our independent review of the record confirms that Masood was not informed of his post-sentence or appellate rights, or the procedural requirements which must be met to preserve those rights. *See* N.T. Sentencing, 8/20/19, at 13. Specifically, he was not informed that he needed to file a separate notice of appeal at each docket listing the single docket number at issue. Nor was Masood informed that, if he failed to follow

this particular procedure, his appeals could be quashed. In our view, this failure by the trial court constitutes a breakdown in the court system. Accordingly, we decline to find quashal, and will address Masood's remaining issues on appeal.[4]

In his second issue, Masood argues that the trial court violated his right to due process when it compelled him to incriminate himself during the criminal contempt proceedings. Notably, Masood did not raise this issue before the trial court, and therefore failed to preserve it for our review. **See** Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal). Thus, his second issue warrants no relief.

In his final issue, Masood contends that his thirty-day jail sentence for direct criminal contempt is illegal.[5] According to Masood, sentences for direct

---

[4] Masood's first issue addresses his non-compliance with Pa.R.A.P. 341, and whether he should be excused for such non-compliance due to a breakdown in the court system. As we have already addressed that issue, we need only address his second and third issues.

[5] While the trial court stated on the record that it found that Masood committed **indirect** criminal contempt, **see** N.T., 8/20/19, at 6, 11, the sentencing order indicates that he committed **direct** criminal contempt by violating 42 Pa.C.S.A. § 4132(3) ("misbehavior of any person in the presence of the court, thereby obstructing the administration of justice"), **see** Sentencing Order, 8/20/19, at 1-2. Based on our review, we conclude that Masood's conduct constitutes **direct** criminal contempt. As our Supreme Court has explained, "[w]here that disobedience or misbehavior occurs in the actual presence of the court or has the capacity of directly affecting the proceeding then in progress, it may be properly classified as a direct or the most grievous type
*(Footnote Continued Next Page)*

criminal contempt must be imposed according to the Sentencing Code, which mandates that the court impose a minimum sentence, which shall not exceed one-half of the maximum. Masood's Brief at 13 (citing 42 Pa.C.S.A. § 9756(b)). Masood maintains that his flat sentence of thirty days does not satisfy this requirement and is therefore illegal.

In this Commonwealth, courts have the inherent power and the statutory authority to impose summary punishment for direct criminal contempt for willful misconduct that occurs in the presence of the court and obstructs its fair and orderly process, including confinement if deemed necessary. *See Moody*, 125 A.3d at 9, 13; *see also* 42 Pa.C.S.A. § 4132.

---

of contempt." *Commonwealth v. Marcone*, 410 A.2d 759, 763 (Pa. 1980). All other behavior which may have a more remote impact upon the dignity of the court and its ability to fulfill its responsibilities are classified as indirect criminal contempts. *Id*. Here, even though the trial court did not see or hear Masood's contumacious actions, the trial court need not personally observe such conduct to find direct criminal contempt. *See Commonwealth v. Moody*, 125 A.3d 1, 12 (Pa. 2015). Instead, such conduct constitutes direct criminal contempt if it occurs anywhere within the presence of the court. *See id*. at 9; *see also Commonwealth v. Falana*, 696 A.2d 126, 129 (Pa. 1997) (upholding direct criminal contempt conviction for remarks made in the court's presence, in open court, even though the court did not hear them); *see also Ex parte Savin*, 131 U.S. 267, 277 (1889) (holding that "the court, at least when in session, is present in every part of the place set apart for its own use, and for the use of its officers, jurors, and witnesses: and misbehavior anywhere in such place is misbehavior in the presence of the court"). Thus, as Masood's misconduct occurred in places set apart for the court's own use or for the use of its officers, jurors, and witnesses (*i.e.*, the courtroom and the courthouse hallway), and directly affected the proceeding then in progress, Masood's actions constitute *direct* criminal contempt.

Nevertheless, because criminal contempt is a crime punishable by imprisonment, sentences must be imposed according to the Sentencing Code, 42 Pa.C.S.A. § 9701 *et seq*. **See Falkenhan**, 452 A.2d at 758. The Sentencing Code mandates that the sentencing court impose not only a maximum sentence, but also a minimum sentence which shall not exceed one-half the maximum. **See** 42 Pa.C.S.A. § 9756(b). A flat sentence does not satisfy this requirement. **See Commonwealth v. Williams**, 753 A.2d 856, 865 (Pa. Super. 2000) (vacating appellant's flat sentence of five months and twenty-nine days for direct criminal contempt where no minimum sentence was imposed); **see also Commonwealth v. Cain**, 637 A.2d 656, 658 (Pa. Super. 1994) (vacating a flat sentence of one year imprisonment for direct criminal contempt where no minimum sentence was imposed).[6]

Here, the trial court imposed a thirty-day aggregate prison sentence for two counts of direct criminal contempt, but failed to provide a minimum term of incarceration. We agree with Masood that this was improper. Where a

---

[6] We are aware of this Court's decision in **Wagner v. Wagner**, 564 A.2d 162 (Pa. Super. 1989), *appeal denied*, 578 A.2d 415 (Pa. 1990) in which we held that a flat six month sentence for indirect criminal contempt under the former Protection From Abuse Act ("PFA") (35 P.S. §§ 10181-1090.2, repealed, now 23 Pa.C.S.A. § 6101 *et. seq*.) was not illegal because of the trial court's failure to impose a minimum sentence. However, in **Williams**, 753 A.2d 865 n.6, we read **Wagner** to apply only to sentences imposed as a result of indirect contempt proceedings brought under the express statutory provisions of the PFA and not those imposed for direct criminal contempt. Thus, as we held in **Williams**, we deem **Cain** to be the controlling authority in the instant case since **Cain** involved a conviction for direct criminal contempt.

court neglects to mention a minimum sentence, appellate courts ordinarily will not fill in the missing element, but will vacate the sentence and remand for resentencing. *Cain*, 637 A.2d at 658. Accordingly, we affirm Masood's convictions, but vacate the judgments of sentence and remand this matter to the trial court for resentencing at both dockets.

Convictions affirmed. Judgments of sentence vacated; cases remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/28/21