553 A.2d 918

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**David Lee THOMAS, Appellee.**

Supreme Court of Pennsylvania.

Submitted Dec. 4, 1986.

Decided Feb. 1, 1989.

Richard A. Lewis, Dist. Atty., Katherene E. Holtzinger–Conner, Deputy Dist. Atty., Todd B. Narvol, Harrisburg, for appellant.

Judith A. Calkin, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

We granted the Commonwealth's petition for allowance of appeal to consider the propriety of Superior Court's order remanding a matter for an evidentiary hearing under the Post Conviction Hearing Act, 42 Pa.C.S.A. § 9541 et seq., on the denial of allocution at sentencing. To fully understand the posture of this issue, it is necessary to briefly review the procedural history of this matter.

Appellee, David Lee Thomas, was convicted by a jury of robbery, and this conviction was affirmed on direct appeal, *Commonwealth v. Thomas*, 303 Pa.Super. 580, 450 A.2d 187 (1982). Thomas then filed a petition for relief under the Post Conviction Hearing Act, which was denied without a hearing. On appeal to Superior Court from the dismissal of his petition without a hearing, 345 Pa.Super. 211, 497 A.2d 1379, Thomas argued that he was denied effective assistance of counsel at trial because, inter alia, counsel failed to

208

request the court to charge the jury on all grades of robbery, counsel failed to object when evidence of other criminal activity was injected into the trial by a Commonwealth witness, and because Thomas was denied his right of allocution. Superior Court held that Thomas was not entitled to have the jury charged on the various grades of robbery, and, thus, he was not entitled to an evidentiary hearing on this question. That court further held that Thomas's claim of ineffectiveness for failing to object to the reference to prior criminal convictions had at least arguable merit, and, thus, remanded for an evidentiary hearing on the question of the basis for counsel's inaction. Both of these rulings were proper.

■ At Thomas's request, Superior Court also remanded for an evidentiary hearing on the denial of the opportunity for allocution at sentencing. The Commonwealth, appellant herein, contends this was error because Thomas's PCHA petition does not state what Thomas would have said and how deprivation of allocution has prejudiced him. While we agree that no evidentiary hearing is required on this question, we reject the Commonwealth's argument that one who stands convicted of a crime and who is denied an opportunity to address the sentencing court must somehow demonstrate prejudice thereby. What effect the exercise of the right of allocution might have on the subjective process of sentencing can never be known with such certainty that a reviewing court can conclude there was no prejudice in its absence.

■ The right to personally address the court prior to sentencing is of ancient origin. Often referred to as the "ancient inquiry," the practice originated in the English common law where, as early as 1689, any failure to permit a defendant to plead for mercy required reversal. Although at some points in our history the right has been limited, see, e.g. *Commonwealth v. Gates*, 429 Pa. 453, 240 A.2d 815 (1968), *Commonwealth v. Senauskas*, 327 Pa. 541, 194 A. 646 (1937), our modern cases have expressly rejected the notion that allocution is an anachronism in modern criminal

practice. In *Commonwealth v. Knighton*, 490 Pa. 16, 19, 415 A.2d 9, 11 (1980), we recently stated:

Notwithstanding the modern innovations in our law, nothing has "lessen[ed] ... the need for the defendant, personally, to have the opportunity to present to the court his plea in mitigation. The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." *Green v. United States*, [365 U.S. 301, 304, 81 S.Ct. 653, 658, 5 L.Ed.2d 670, 673 (1961) reh'g. denied 365 U.S. 890, 81 S.Ct. 1024, 6 L.Ed.2d 201].

Moreover, our rules of criminal procedure guarantee the right to all who stand convicted of crimes.

■ Pa.R.Crim.P. 1405, which was promulgated in 1973, provides in pertinent part as follows:

Rule 1405.   Sentencing Proceeding

At the time of sentencing, the judge *shall:*

(a) afford the defendant the opportunity to make a statement in his own behalf and afford counsel for both parties an opportunity to present argument and information relative to sentencing[.]

(Emphasis supplied.)   Since a trial judge will not know in most cases whether a defendant is aware of his right to address the court prior to sentencing, but Rule 1405 requires the court to afford the defendant an opportunity to speak, we understand Rule 1405 to require the trial court to inform the defendant of his right to speak prior to sentencing.   The trial court in this case did not so inform the defendant, and the case, therefore, must be remanded for resentencing at which time the court will inform the defendant of his right to speak and will hear the defendant, should he choose to speak, prior to reimposition of sentence.

For the foregoing reasons, the order of Superior Court is reversed in part, and affirmed in part, and the record is remanded to the PCHA court for further proceedings consistent with this opinion.

■ The ruling in this case shall not be retroactively applied to any case other than the present case. *See Commonwealth v. Cabeza*, 503 Pa. 228, 469 A.2d 146 (1983). We relinquish jurisdiction.

PAPADAKOS, J., concurs in the result.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent. As this Court held in *Commonwealth v. Bennett*, 512 Pa. 525, 517 A.2d 1248 (1986), the courts of this Commonwealth are not required to read the Rules of Criminal Procedure to convicted criminals at the time of sentencing. Accordingly, I would reverse that part of the order of Superior Court which remanded for an evidentiary hearing on the denial of the opportunity for allocution at sentencing.