COMMONWEALTH of Pennsylvania

v.

**Robert W. BARZYK, Sr., Appellant.**

Superior Court of Pennsylvania.

Argued March 4, 1997.

Filed April 4, 1997.

Gary Lysaght, Harrisburg, for Appellant.

Eric Augustine, Deputy District Attorney, for Commonwealth, Appellee.

Before CIRILLO, President Judge Emeritus, and POPOVICH and HESTER, JJ.

CIRILLO, President Judge Emeritus:

Robert W. Barzyk, Sr., appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas following his conviction for the summary offense of harassment.[1] We vacate the judgment of sentence and remand for resentencing.

The judgment of sentence from which Barzyk now appeals arose out of a complaint filed by his ex-wife, Rachel Nickle. The complaint alleged that on September 28, 1995, while Nickle was visiting a friend who lived across the street from Barzyk, Barzyk repeatedly played an audio recording of "pig noises" at a high volume while looking directly at Nickle and taunting her. On October 27, 1995, Barzyk appeared before District Justice Raymond Shugars, who found Barzyk guilty of harassment and fined him $1,000.00 with a ten day sentence of imprisonment.

Barzyk appealed to the Court of Common Pleas. The Honorable Lawrence F. Clark, Jr. presided over a trial de novo, at which the following evidence was adduced. Although Barzyk was charged with an isolated incident of harassment, Nickle testified that she lived only one and-a-half blocks from her ex-husband and that his behavior had been continuous for a period of years. This course of conduct included Barzyk making "pig" and "elephant" noises at Nickle "every time" she was seen walking by his house, instructing his four-year-old son to make pig noises at Nickle, calling out to her that she was fat as she walked by his house, calling Nickle's home and making pig noises, and slowly driving by Nickle's house while glaring or laughing at her as she sat on her front porch. These acts occurred "over a hundred times" and often while Nickle was in the presence of their young daughters.

At the close of testimony Judge Clark found Barzyk guilty of harassment and immediately fined him $300.00 and sentenced him to thirty days incarceration in the Dauphin County Prison. Barzyk filed this timely appeal raising the following issues for our consideration:

(1) Whether the evidence is sufficient to sustain appellant's conviction for harassment based upon his making or playing pig and elephant sounds from his own property while his ex-wife, who lives a block-and-a-half away, testified she believes the sounds are directed at her?

(2) Whether the sentence must be vacated because the court failed to afford appellant the right to allocution or allow his attorney to address the court before sentencing?

---

1. 18 Pa.C.S.A. § 2709(a).

(3) Whether the sentence must be vacated or molded to a one-day minimum where the court failed to impose a minimum and a maximum sentence but rather a flat 30–days' [sic] term of incarceration?

(4) Whether the sentence is manifestly excessive and unreasonable where appellant, who had no prior criminal record, was sentenced to thirty days' [sic] imprisonment for making pig and elephant noises from his own property?

(5) Whether the court erroneously heard evidence on a summary harassment charge which was dismissed with prejudice in the context of the instant trial de novo?

In evaluating a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. *Commonwealth v. Jarman,* 529 Pa. 92, 94–95, 601 A.2d 1229, 1230 (1992); *Commonwealth v. Swann,* 431 Pa.Super. 125, 635 A.2d 1103 (1994). "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Swerdlow,* 431 Pa.Super. 453, 458–60, 636 A.2d 1173, 1176 (1994)(citing *Commonwealth v. Hardcastle,* 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1988)). *See also Commonwealth v. Chmiel,* 536 Pa. 244, 639 A.2d 9 (1994). Furthermore, a mere conflict in the testimony of the witnesses does not render the evidence insufficient because "it is within the province of the fact finder to determine the weight to be given to the testimony and to believe all, part, or none of the evidence." *Commonwealth v. Moore,* 436 Pa.Super. 495, 501, 648 A.2d 331, 333 (1994) (citations omitted).

Barzyk was convicted of the summary offense of harassment under 18 Pa.C.S.A. § 2709, which states in pertinent part:

A person commits the crime of harassment when, with intent to harass, annoy or alarm another person:

(3) he engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.

18 Pa.C.S.A. § 2709(a)(3).

■ Viewed in the light most favorable to the Commonwealth, we have no doubt that Barzyk intended to harass, annoy, or alarm Nickle by engaging in a course of conduct which did seriously annoy her and which served no legitimate purpose. *See* 18 Pa. C.S.A. § 2709. While Nickle was visiting a friend whose house was adjacent to Barzyk's, Barzyk played an audio tape of pig noises at a high volume while taunting Nickle. In addition, the husband of the friend with whom Nickle was visiting testified that he was present while Barzyk was playing the audio recording and that Barzyk rewound the tape several times so that the pig noises could be replayed. He also testified that it was clear to Nickle that the pig noises and taunts were directed at her, and that she was visibly upset by Barzyk's actions.

The evidence at trial also established that this incident was part of a course of conduct. Course of conduct is defined as "[a] pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct." 18 Pa. C.S.A. § 2709(f). On September 28, 1995, Barzyk played the audio tape of pig noises repeatedly while mocking Nickle. *See Commonwealth v. Urrutia,* 439 Pa.Super. 227, 233–35, 653 A.2d 706, 709 (1995) (holding that evidence of appellant attacking a victim twice in one day was sufficient to prove course of conduct beyond a reasonable doubt under 18 Pa.C.S.A. § 2709(f)). In addition, over a period of years Barzyk repeatedly ridiculed Nickle when she passed by his house on her way to drop off and pick up their daughter at the bus stop. Barzyk phoned her house and made pig noises; he slowly drove by her house while glaring or laughing at her as she sat on her front porch. *See Commonwealth v. Showalter,* 231 Pa.Super. 278, 282–84, 332 A.2d 456, 458 (1974) (evidence of prior violence against prosecutrix admissible as demonstrating overall scheme of harassment). Barzyk was able to offer no "legitimate purpose" for which he committed these acts.

Based on the foregoing, we find that there was sufficient evidence for Judge Clark to determine that Barzyk committed the offense of harassment beyond a reasonable doubt. *Jarman, supra; Urrutia, supra; Moore, supra; Swerdlow, supra.*

Barzyk next argues that his sentence must be vacated because the trial court failed to allow him the right of allocution. On this point we must agree.

█ The right of allocution is guaranteed in Rule 1405 of the Pennsylvania Rules of Criminal Procedure, which dictates that "[a]t the time of sentencing, the judge **shall** afford the defendant the opportunity to make a statement in his or her behalf *and* **shall** afford counsel for both parties the opportunity to present information and argument relative to sentencing." Pa.R.Crim.P. 1405(C)(1), 42 Pa.C.S.A. (emphasis added). The Supreme Court of Pennsylvania has interpreted Rule 1405 as going beyond a mere requirement that the trial court afford a defendant the opportunity to make a statement in his or her behalf. *Commonwealth v. Thomas,* 520 Pa. 206, 208–10, 553 A.2d 918, 919 (1989). Instead, Rule 1405 "require[s] the trial court to **inform the defendant of his right to speak** prior to sentencing." *Id.* (emphasis added); *see also Commonwealth v. Anderson,* 412 Pa.Super. 527, 531–33, 603 A.2d 1060, 1063–64 (1992) (stating that "unless the Court *directly* and *specifically* asks the defendant whether he or she chooses to speak, no right of allocution has been effectively granted.") (emphasis original).

█ This court has stated the purpose of the defendant's right of allocution:

[The right of allocution] is an opportunity for the defendant to face the court ... without intermediaries or filtered exchanges. Such an opportunity is inherent and desirable in our form of individualized justice, and unless restricted by the Su-preme Court at a future date, we feel compelled to retain it....

*Commonwealth v. Melvin,* 392 Pa.Super. 224, 231, 572 A.2d 773, 776 (1990). The right of allocution is of ancient origin and the failure to grant the defendant the right to address the court prior to sentencing requires reversal. *Thomas,* 520 Pa. at 208–10, 553 A.2d at 919.

█ In the immediate case, Judge Clark convicted Barzyk and immediately fined him $300.00 and sentenced him to thirty days incarceration. At no point was Barzyk informed that he had the right to speak before sentencing, nor did he address the court. This case, therefore, must be remanded for resentencing at which time the court shall inform Barzyk of his right to address the court; the court must hear Barzyk speak, if he so chooses, prior to resentencing. *Thomas, supra.*

Barzyk also contends that the sentence imposed by the trial court should be vacated because the trial court imposed a flat thirty-day sentence as opposed to a minimum and maximum sentence. Because we have already determined that the judgment of sentence must be vacated and the case remanded for resentencing, we address this issue for the sole purpose of giving further instructions to the trial court upon resentencing.

█ According to the Sentencing Code of this Commonwealth, for every sentence of total confinement, the trial court must impose both a maximum and minimum sentence. 42 Pa.C.S.A. § 9756(a)(b).[2] Where a trial court neglects to include a minimum sentence, the appropriate remedy is to vacate the judgment of sentence and remand for resentencing. *Commonwealth v. Cain,* 432 Pa.Super. 47, 637 A.2d 656 (1994). At resentencing, therefore, the trial court must, if it chooses to again impose a sentence of total confinement, include both a maximum and

---

**2.** Section 9756 of the Sentencing Code states:

(a) **General rule.**— In imposing a sentence of total confinement the court shall at the time of sentencing specify any maximum period up to the limit authorized by law and whether the sentence shall commence in a correctional or other appropriate institution.

(b) **Minimum sentence.**— The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed.
42 Pa.C.S.A. § 4756(a)(b).

minimum sentence in compliance with 42 Pa. C.S.A. § 9756. *Cain, supra.*[3]

Barzyk's next issue raised on appeal questions the discretionary aspects of his sentence.[4] In his Rule 2119(f) statement, Barzyk maintains that, although sentencing guidelines do not apply to summary offenses, a thirty-day sentence under the facts of this case was manifestly excessive and constitutes too severe a punishment under the Sentencing Code.

∎ Before we can address the merits of Barzyk's claim we must determine whether the issue raised is properly before us. While a defendant may appeal the legality of a sentence as of right, the right to appeal from a discretionary aspect of a sentence is not absolute. 42 Pa.C.S.A. § 9781; *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). The Pennsylvania Supreme Court held in *Tuladziecki* that an appeal of the discretionary aspects of a sentence must comply with Pa.R.A.P. 2119(f) and section 9781(b) of the Sentencing Code. Section 9781(b) states:

> Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a **substantial question that the sentence imposed is not appropriate under *this chapter.***

42 Pa.C.S.A. § 9781(b) (emphasis added). "The chapter referred to is, of course, the entire Sentencing Code." *Tuladziecki,* 513 Pa. at 513, 522 A.2d at 20.

∎ Because we have already determined that Barzyk's brief complies with the requirements of Pa.R.A.P. 2119(f), we turn our attention to whether he has presented a "substantial question." "The determination of whether a particular issue constitutes a substantial question as to the appropriateness of sentence must be evaluated on a case-by-case basis." *Commonwealth v. Jones,* 418

---

**3.** We note that the Commonwealth has conceded that Barzyk's case should be remanded for resentencing because he was denied the right to allocution and his sentence was invalid in that it contained no minimum sentence.

**4.** We note at the outset that Barzyk's brief complies with the mandates of Pa.R.A.P. 2119(f), which states:

Pa.Super. 93, 99, 613 A.2d 587, 590 (1992); *see also Commonwealth v. Nelson,* 446 Pa.Super. 240, 666 A.2d 714 (1995). We will grant an appeal only when the appellant shows that the trial judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Jones,* 418 Pa.Super. at 99–101, 613 A.2d at 590. Stated differently, it is only where an aggrieved party can articulate clear reasons why the sentence imposed by the trial court compromises the sentencing scheme as a whole that we will find a "substantial question" and review the decision of the trial court. *Tuladziecki,* 513 Pa. at 513–15, 522 A.2d at 20.

∎ Specifically, Barzyk argues that his sentence is excessive and constitutes too severe a punishment because the trial court failed to meet the requirements of 42 Pa. C.S.A. § 9725. Section 9725 states that a sentence of total confinement may be imposed if the court determines that one of three factors are met. The last of these factors is if "a lesser sentence will depreciate the seriousness of the crime of the defendant." At sentencing, Judge Clark stated that he based Barzyk's sentence on the fact that he had "engaged in a course of conduct which has essentially terrorized [Nickle and] ... [n]o one in the Commonwealth or this nation should be subjected to that ... [or] live in fear to walk down the streets of their city and have to fear the kind of conduct that [Barzyk] engaged in." We find that Judge Clark's language was more than sufficient to meet the requirements of section 9725 and, therefore, conclude that this claim does not raise a substantial question. *Tuladziecki, supra.*

∎ In addition Barzyk claims that his sentence constituted too severe of a punishment because:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.
> Pa.R.A.P. 2119(f), 42 Pa.C.S.A.

The trial de novo revealed that he and his ex-wife have an ongoing, mutually hostile relationship in which the ex-wife herself admitted to scratching and pulling the hair of Appellant's current girlfriend on one occasion. Nor does the playing of animal sounds by Appellant in the privacy of his own backyard justify this lengthy sentence.

Notwithstanding the fact that it is irrelevant, this argument essentially claims that Judge Clark did not give the evidence the weight Barzyk feels is proper. "Such a claim does not raise a substantial sentencing question." *Commonwealth v. Frank*, 395 Pa.Super. 412, 436–38, 577 A.2d 609, 622 (1990); *see also Commonwealth v. Cruz–Centeno*, 447 Pa.Super. 98, 668 A.2d 536 (1995) (allegations that sentencing court failed to consider certain factors does not raise substantial question); *Nelson, supra* (same). Because Barzyk has failed to raise a substantial question as to why his sentence was inappropriate, we deny his petition for permission to appeal the discretionary aspects of his sentence.

Finally, Barzyk asserts that the trial court erroneously considered evidence on a summary harassment charge which was dismissed with prejudice. This claim, which Barzyk advances without the support of any authority,[5] is meritless.

 Admissibility of evidence is within the sound discretion of the trial court and we may reverse on an evidentiary issue only upon a showing that the trial court has abused its discretion. *Commonwealth v. Cook*, 544 Pa. 361, 676 A.2d 639 (1996). While evidence of prior bad acts are generally not admissible in a criminal case, *Commonwealth v. Sneeringer*, 447 Pa.Super. 241, 668 A.2d 1167 (1995), evidence of prior bad acts are admissible where they tend to establish intent or course of conduct. *Common-*

wealth v. Banks*, 450 Pa.Super. 555, 677 A.2d 335 (1996); *Urrutia*, 439 Pa.Super. at 233–35, 653 A.2d at 709.

The evidence of which Barzyk complains is evidence of a prior bad act.[6] As such it was admissible for the limited purpose of demonstrating Barzyk's intent to harass Nickel and to prove the existence of a course of conduct. *Urrutia*, 439 Pa.Super. at 233–35, 653 A.2d at 709. We find no abuse of discretion. *Cook, supra.*

Judgment of sentence vacated; case remanded for resentencing.

---

5. Pa.R.A.P. 2119 states, in part:
   The argument shall ... have ... the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.
   Pa.R.A.P. 2119(a), 42 Pa.C.S.A. *See also Commonwealth v. Zewe*, 444 Pa.Super. 17, 663 A.2d 195 (1995) (court waived argument containing vacuous claims without a single citation to relevant law).

6. Although Barzyk correctly points out that the evidence at issue stems from a summary harassment charge which was dismissed with prejudice, this does not affect admissibility because a conviction is not required for a prior bad act to be admissible. *Commonwealth v. Marsh*, 388 Pa.Super. 610, 622–23, 566 A.2d 296, 302 (1989).