J-A12005-14

2014 PA Super 187

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEITH HARDY, | |
| Appellant | No. 1098 EDA 2013 |

Appeal from the Order Entered April 3, 2013
in the Court of Common Pleas of Philadelphia County
Municipal Court Division at No.: MC-51-CR-0041747-2010

BEFORE: SHOGAN, J., STABILE, J., and PLATT, J.[*]

CONCURRING OPINION BY PLATT, J.:                    **FILED AUGUST 29, 2014**

I agree with the learned Majority's conclusion that this Court lacks jurisdiction to review the sentence imposed at docket number MC-51-CR-0053427-2011. And I concur in the remand for resentencing.[1]

However, I write separately to express my concern about the learned Majority's reliance on **Commonwealth v. Jacobs**, 900 A.2d 368 (Pa. Super. 2006) (*en banc*), *appeal denied*, 917 A.2d 313 (Pa. 2007) to reach its result. (**See** Majority at *5) ("the holding in **Jacobs** is controlling").

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] I also agree with the learned Majority's conclusion that because Appellant's judgment of sentence is vacated, we need not address his claim of an excessive sentence.

The ***Jacobs*** Court decided as follows:

> Based on the foregoing authorities, we conclude that a denial of the right of allocution does not create a non-waivable challenge to the legality of the sentence. The trial court certainly had the statutory authority to impose the sentence that it did. Moreover, the sentence does not implicate issues of merger, or any issues involving ***Apprendi*** [***v. New Jersey***, 530 U.S. 466 (2000)]. In short, Appellant's claim does not directly implicate the authority of the court to impose either the structure or term of the sentence itself. Rather, allocution is an underlying process through which the defendant is given the opportunity to speak, and through which the court may be inclined to grant leniency. Failure to grant a defendant this important right undoubtedly constitutes legal error. [***Commonwealth v.***] ***Thomas***[, 553 A.2d 918, 919 (Pa. 1989)]. On the other hand, like most legal errors, it is nevertheless waivable under Pennsylvania law. Accordingly, **we hold that Appellant's allocution claim is waived because it was not raised with the trial court.**

***Jacobs***, supra at 376-77 (emphasis added) (footnote omitted) (*overruling* ***Commonwealth v. Newton***, 875 A.2d 1088 (Pa. Super. 2005)).

Our Supreme Court has held that statements from a prior decision which were "unnecessary to the resolution of the controversy" are nonbinding *dicta* that "left open the question" at issue for the Court's analysis. ***Rendell v. Pa. State Ethics Comm'n***, 983 A.2d 708, 714 (Pa. 2009).

> We have often repeated the axiom that judicial decisions are to be read against their facts, so as to prevent the wooden application of abstract principles to circumstances in which different considerations may pertain. That axiom recognizes that decisional law develops incrementally, and that, given the tension between the narrow focus on the facts of a given case and the concomitant need to provide broader guidance on the legal issues at play, we aspire to embrace precision and avoid

the possibility that words or phrases or sentences may be taken out of context and treated as doctrines.

*Howard ex rel. Estate of Ravert v. A.W. Chesterton Co.*, 78 A.3d 605, 610 (Pa. 2013) (Todd, J. *concurring*) (citations and internal quotation marks omitted).

Applying those principles here, I conclude that the mere mention of the option of filing a post-sentence motion in *Jacobs*, which in fact did **not** occur, (*Jacobs*, *supra* at 370) ("Appellant did not file post-sentence motions."), cannot be the basis of the *Jacobs* decision which, after all, found the allocution issue waived and affirmed the judgment of sentence. (*See id.* at 377). Accordingly, I agree with the Commonwealth that the reference to a post-sentence motion in *Jacobs* was non-precedential *obiter dictum.* (*See* Commonwealth's Brief, at 10); *see also Commonwealth v. Lee*, 935 A.2d 865, 867 n.4 (Pa. 2007) (defining *obiter dictum* as "[a] judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential") (citation omitted).

Nevertheless, it is apparent that the trial court plainly erred in its finding that "the record is devoid of **any challenge** by [Appellant] concerning his right to allocution or [Appellant] specifically raising **any concerns** about it." (Trial Court Opinion, 7/18/13, at 3) (emphases added). Counsel for Appellant indisputably raised the issue in a timely post-sentence

motion to reconsider sentence. (**See** Petition to Vacate and Reconsider Sentence, 1/18/13, at 1 ¶ 2).

Even more importantly, in my view, at least by the time of the hearing on the motion to reconsider, the trial court itself, the prosecutor, and defense counsel all conceded the error of the court's omission, albeit assuming that the issue would be later raised in a PCRA petition for ineffective assistance of counsel by failure to object. (**See** N.T. Hearing, 4/03/13, at 5).

As noted by the learned Majority, our Rules of Criminal Procedure provide that, after a finding that the defendant violated probation, "[a]t the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing." Pa.R.Crim.P. 708(D)(1); (**see also** Majority, at *6). The rule reflects the long standing recognition by our Courts that:

> The right to allocution is of ancient origin and requires the court to inform a defendant that he has the right to address the court prior to sentencing. The failure to afford a criminal defendant the right to address the court prior to sentencing requires remand to allow allocution prior to resentencing.

**Commonwealth v. Hague**, 840 A.2d 1018, 1019 (Pa. Super. 2003) (citations omitted); **see also Commonwealth v. Senauskas**, 194 A. 646, 649 (Pa. 1937) (citing Blackstone's COMMENTARIES, volume 4, page 376).

Similarly, our Supreme Court has previously stated in ***Commonwealth v. Thomas***, 553 A.2d 918 (Pa. 1989):

> The trial court in this case did not so inform the defendant [of his right to speak prior to sentencing], and the case, therefore, must be remanded for resentencing at which time the court will inform the defendant of his right to speak and will hear the defendant, should he choose to speak, prior to reimposition of sentence.

***Id.*** at 919.

Our rules of criminal procedure further provide that **all** requests for relief from the trial court after sentencing shall be consolidated in a post-sentence motion:

> The defendant in a court case shall have **the right** to make a post-sentence motion. All requests for relief from the trial court shall be stated with specificity and particularity, and shall be consolidated in the post-sentence motion, which may include (*etc.*).

Pa.R.Crim.P. 720(B)(1)(a) (emphasis added).

Here, the trial court plainly erred in concluding there was a waiver by relying on its inaccurate finding that Appellant made no challenge to the denial of his allocution rights. (**See** Trial Ct. Op., at 3). Accordingly, I would hold that Appellant properly preserved his allocution claim pursuant to Pa.R.Crim.P. 708(D)(1), in a timely post-sentence motion compliant with Pa.R.Crim.P. 720(B)(1)(a). In my view, the holding in ***Jacobs*** is not

controlling. I find more compelling authority in Pa.R.Crim.P. 708(D)(1), Pa.R.Crim.P. 720(B)(1)(a), in **Thomas**, **supra**, and in **Hague**, **supra**.[2]

Accordingly, I respectfully concur in the result.

_____

[2] Moreover, in view of the generally conceded error by the trial court, the timely filed post-sentence motion, and in the interest of judicial economy, I would find that an immediate remand for resentencing was not only mandated but also more appropriate and expeditious than the inherent delay, prolongation of proceedings and opportunity for additional uncertainty created by deferral to a PCRA petition, as originally suggested by the trial court.