J-S66008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD DEVEAU JOHNSON, | |
| Appellant | No. 1771 WDA 2016 |

Appeal from the Judgment of Sentence Entered October 19, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007065-2006

BEFORE: BENDER, P.J.E., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:              **FILED DECEMBER 21, 2017**

Appellant, Edward Deveau Johnson, appeals from the judgment of sentence of two to four years' incarceration, imposed following the revocation of his probation. We vacate Appellant's judgment of sentence and remand for resentencing.

We do not delve into the facts of Appellant's underlying conviction and the events leading up to his probation violation hearing, as they are not dispositive of his appeal. Instead, our focus is on the trial court's conduct during an October 19, 2016 probation violation hearing. Specifically, Appellant complains of the following exchange between him and the trial court:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[Trial court]: [Appellant], is there anything you want to tell me?

[Appellant]: Yes, sir.  As far as the dirty urine[,] I had a dirty urine.

[Court reporter]: I'm sorry.  Can you repeat that[?]

[Appellant]: I said I had a dirty urine.  Me and [the probation officer] definitely started off rough to begin with.  My first time meeting her personally was after the car crash when she came down to my residence.  I was on OxyContin.  But I raised my voice aggressively, which I told her but, and I told her flat out that I apologize.  I'm sorry for anything or any misjudgments that you took from me because I was raised by my mom.  I told her I was sorry about that.

As far as the working go, I got two jobs waiting on me ASAP.

[Trial court]: Where are they?

[Appellant]: One with Minnifield Construction and one with —

[Trial court]: Odell Minnifield?

[Appellant]: Yes, sir.

[Trial court]: He's dead.

[Appellant]: No, his son.

[Trial court]: I said Odell, and you said yeah.  But Odell has been dead over a year now.

[Appellant]: Yes, sir.

[Trial court]: So which one are you working for?

[Appellant]: I'm working for Odell, Jr.

[Trial court]: Okay.  All right.  What else?  What was your other job?

[Appellant]: California Pools & Granite.

[Trial court]: Pardon me.

[Appellant]: California Pools & Granite.

[Trial court]: Okay.  Who's the contact person there?

[Appellant]: My contact person?

[Trial court]: You hear me. Come on, now.

[Appellant]: Yes, sir. It's Miles, Miles Miller.

[Trial court]: Who?

[Appellant]: Miles Miller.

[Trial court]: Okay. Anything else?

[Appellant's counsel]: May I have one second, Your Honor?

   (Discussion held off the record between [Appellant] and counsel.)

[Trial court]: So why would you tell me Odell. Come on. Let's move on. Anything else you want to tell me?

   Two to four years, state correctional institutional. Let's move on. I've heard enough.

   (The Judge left the bench.)

[Appellant]: Your Honor, please, please, please. Your Honor, please. Two seconds. Please. Please, Your honor. Please. Man, this is crazy.

   (Whereupon, this matter was concluded.)

N.T., 10/19/2016, at 20-23; *see also* Appellant's Brief at 9-10.

On October 28, 2016, Appellant filed a post-sentence motion in which he asserted, *inter alia*, that the trial court made no findings on the record relative to the alleged probation violations and/or the reasoning for the sentence imposed; it did not give Appellant the opportunity to complete his allocution statement; and it did not advise Appellant of his appellate rights. *See* Appellant's Post-Sentence Motion/Motion for Reconsideration, 10/28/2016, at 1-2 (unnumbered pages). On November 16, 2016, the trial court denied Appellant's motion.

On November 18, 2016, Appellant filed a timely notice of appeal to this Court. Subsequently, the trial court instructed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and he timely complied. In its Rule 1925(a) opinion, the trial court requested that this Court remand the case, acknowledging that "[a] review of the transcript shows the sentence being pronounced but the traditional notice of [Appellant's] rights to post-sentence relief and his rights to appellate review were not communicated to [him]." Trial Court's Pa.R.A.P. 1925(a) Opinion, 4/13/2017, at 1 (single page).[1] It did not address the other issues raised in Appellant's Rule 1925(b) statement.

Appellant presents the following issues for our review:

1. Under Pa.R.Crim.P. 708(D)(2) and 42 Pa.C.S. § 9721(b), a trial court must state on the record the reasons for the sentence imposed. Here, the trial court failed to state on the record the reasons for its sentence. Did the court err?

2. Under Pa.R.Crim.P. 708(D)(1), a trial court must (1) afford the defendant the opportunity to make a statement on his behalf and (2) afford his counsel the opportunity to present information and argument relative to sentencing. The trial court failed to offer [Appellant] either opportunity here. Did the court err?

3. Under Pa.R.Crim.P. 708(D)(3), at sentencing, a trial court must advise the defendant on the record of his post-sentence and appellate rights. At [Appellant's] sentencing, the trial court failed to advise [Appellant] on the record of his post-sentence and appellate rights. Did the court err?

_____

[1] Despite the trial court's failure to advise Appellant of his post-sentence and appellate rights, Appellant managed to file both a timely post-sentence motion, and a timely notice of appeal to this Court.

4. Under 42 Pa.C.S. § 9771(c), a trial court is prohibited from sentencing a probation violator to total confinement unless it finds that one of three situation applies. None were found to apply here. In truth, the court evidently sentenced [Appellant] to two-to-four years of incarceration because it mistakenly believed that, during the sentencing hearing, [Appellant] lied about where he planned to work if released from jail. Did the court err?

Appellant's Brief at 3-4. We address these issues out of order for ease of disposition.

First, Appellant argues that "[t]he trial court ignored and/or misapplied the law when it failed to comply with Pa.R.Crim.P. 708(D)(1)." Appellant's Brief at 19 (emphasis omitted). Rule 708(D)(1) states that "[a]t the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing." Pa.R.Crim.P. 708(D)(1). According to Appellant, "the trial court did hear briefly from [him]; however, once the court mistakenly concluded that [Appellant] lied about his employer, it interrupted [Appellant's] allocution and abruptly ended the hearing." *Id.* at 20. He also claims that "[i]n addition to cutting off [Appellant], the court also failed to give [Appellant's] counsel any opportunity to present argument relative to sentencing." *Id.* Consequently, he insists that we remand the matter to the trial court. *Id.* at 20-21.

Likewise, the Commonwealth agrees that we should remand the matter for a new sentencing proceeding. Commonwealth's Brief at 6. It

- 5 -

concedes that the trial court failed to allow Appellant "to exercise his right of allocution upon being sentenced following the revocation of his probation." *Id.* The Commonwealth observes that "[A]ppellant, prior to [the trial court's] imposition of sentence, was only able to speak about his potential for employment, and it seemed quite clear that he had more to tell the court before [the trial court] brought the proceedings to a close." *Id.* at 8.

This Court has previously discussed a defendant's right to allocution, explaining:

> The general right to allocution is set forth in Pa.R.Crim.P. 704(C)(1), which provides:
>
>> At the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing.
>
> P[a].R.Crim.P. 704(C)(1). Additionally, Pa.R.Crim.P. 708(D)(1), pertaining to sentencing procedures following revocation of probation, provides:
>
>> At the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing.
>
> Pa.R.Crim.P. 708(D)(1). Similarly, the Sentencing Code, at 42 Pa.C.S.[] § 9752 — Sentencing proceeding generally — requires that the sentencing court "[a]fford to the defendant the right to make a statement." 42 Pa.C.S.[] § 9752(a)(2).
>
> Our Supreme Court has noted that a defendant's right to personally address the court prior to sentencing, and thereby plead for mercy, is of paramount importance and has rejected the proposition that a defendant must show prejudice because of the denial of the right. *Commonwealth v. Thomas*, 520 Pa. 206, 553 A.2d 918, 919 (1989). As the *Thomas* Court stated:

"What effect the exercise of the right of allocution might have on the subjective process of sentencing can never be known with such certainty that a reviewing court can conclude there was no prejudice in its absence." *Id.* The Court interpreted then-Rule 1405, now renumbered at Rule 704, as requiring the sentencing court to inform the defendant of his right to speak prior to sentencing, and where the trial court erroneously fails to so inform the defendant of the right, a resentencing hearing is required. *Id.*; *see also Commonwealth v. Hague*, 840 A.2d 1018, 1019 (Pa. Super. 2003) ("The failure to afford a criminal defendant the right to address the court prior to sentencing requires remand to allow allocution prior to resentencing.")[.]

*Commonwealth v. Hardy*, 99 A.3d 577, 580 (Pa. Super. 2014) (footnote omitted). *See also Thomas*, 553 A.2d at 919 ("Notwithstanding the modern innovations in our law, nothing has lessened ... the need for the defendant, personally, to have the opportunity to present to the court his plea in mitigation. The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself.") (citations, internal quotation marks, and original brackets omitted); *Commonwealth v. Jacobs*, 900 A.2d 368, 377 (Pa. Super. 2006) ("[A]llocution is an underlying process through which the defendant is given the opportunity to speak, and through which the court may be inclined to grant leniency. Failure to grant a defendant this important right undoubtedly constitutes legal error.").

Our review of the transcript indicates that the trial court prematurely — and without discernible justification — put a stop to Appellant's statement, and therefore did not permit Appellant to fully exercise his right to allocution pursuant to Pa.R.Crim.P. 708(D)(1). Moreover, both parties

- 7 -

request that we remand this matter for resentencing on this basis.[2]

Accordingly, we vacate Appellant's judgment of sentence and remand this case to the trial court for resentencing and compliance with Rule 708(D)(1).[3]

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2017

---

[2] Again, we reiterate that the trial court also requests that we remand this matter for resentencing, albeit on a different basis.

[3] In light of our disposition, we need not address Appellant's remaining issues on appeal. However, upon resentencing, the trial court should be mindful of complying with Rule 708(D)'s other requirements including, *inter alia*, stating on the record the reasons for the sentence imposed, and advising Appellant of his post-sentence and appellate rights. **See** Pa.R.Crim.P. 708(D).