J-S13017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SULEMAN CHAPMAN | : | |
| | : | |
| Appellant | : | No. 949 WDA 2018 |

Appeal from the Judgment of Sentence Entered March 15, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004923-2017

BEFORE: BENDER, P.J.E., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.: **FILED MAY 20, 2019**

Suleman Chapman appeals the judgment of sentence imposed on March 15, 2018, in the Court of Common Pleas of Allegheny County. Following a December 19, 2017 non-jury trial, the court found Chapman guilty of one count each of burglary, aggravated assault, and terroristic threats, and two counts of simple assault.[1] On March 15, 2018, the trial court sentenced him to 6 to 12 years' imprisonment, to be followed by a consecutive term of five years' probation. The sole issue raised in this appeal is a challenge to the discretionary aspects of his sentence. Based on the following, we affirm.

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a)(1)(i), 2702(a), 2706(a)(1), and 2701(a)(1), respectively.

As we write primarily for the parties, and as the only issue Chapman raises on appeal concerns his sentence, a detailed factual and procedural history is unnecessary. We note that Chapman's conviction arose from a February 6, 2017 incident wherein, in violation of a protection from abuse order, Chapman, carrying a gun, broke into the home of his estranged girlfriend, threatened to kill her and his children, and hit her on the head with the gun, before eventually leaving the residence to take the children to school. N.T. Trial, 12/19/2017, at 8-26; Trial Court Opinion, 12/07/2018, at 1.

As noted above, on March 15, 2018, the trial court imposed sentence. On March 19, 2018, defense counsel moved to withdraw; that same day, the trial court granted the motion and appointed new counsel. On March 21, 2018, Chapman filed a post-sentence motion for reconsideration of sentence. On April 25, 2018, after receiving leave of court, Chapman filed a supplemental post-sentence motion. The trial court denied the motion on June 7, 2018. The instant, timely appeal followed. On July 18, 2018, in response to the trial court's order, Chapman filed a concise statement of errors complained of on appeal. The trial court issued an opinion on December 7, 2018.

On appeal, Chapman challenges the discretionary aspects of his sentence. Specifically, he claims that the trial court failed to advise him of his right of allocution and that the trial court failed to place reasons on the record justifying the sentence. Chapman's Brief, at 5. We disagree.

The principles that guide our review are well settled:

. . . [t]he right to appeal a discretionary aspect of sentence is not absolute. Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. As we stated in **Commonwealth v. Moury**, 2010 PA Super 46, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> **Id.** at 170. Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis.

**Commonwealth v. Radecki**, 180 A.3d 441, 467 (Pa. Super. 2018) (quotation marks and most citations omitted).

Chapman has complied with the procedural requirements for his discretionary aspects of sentencing challenge by filing a timely appeal to this Court, preserving the sentencing issues in his post-sentence motion, and including a Pa.R.A.P. 2119(f) statement in his brief. The final requirement is that Chapman's Rule 2119(f) statement must raise a substantial question.

We have stated that a substantial question exists

when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. [W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists.

*Radecki*, *supra*, 180 A.3d at 468 (quotation marks and citations omitted).

In reviewing a challenge to the discretionary aspects of the sentence, we recognize:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted), *appeal denied*, 125 A.3d 1198 (Pa. 2015). Further, where, as here, the trial court sentenced within the guidelines, we may only vacate the judgment of sentence if it is "clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2).

In his first claim, Chapman alleges that "[t]he trial court failed to place reasons on the record evidencing its consideration of the factors it was statutorily required to consider under 42 Pa.C.S.[A.] § 9721(b) and 42 Pa.C.S.[A.] § 9725." Chapman's Brief, at 25. Chapman's complaint does not merit relief.

The on-the-record disclosure requirement does not require the trial court to make "a detailed, highly technical statement." ***Commonwealth v. Hunzer***, 868 A.2d 498, 514 (Pa. Super. 2005) (citation omitted), *appeal denied*, 880 A.2d 1237 (Pa. 2005). Where the trial court has the benefit of a Pre-Sentence Investigation Report (PSI), our Supreme Court has held that "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted), *appeal denied*, 987 A.2d 161 (Pa. 2009). Where the trial court has reviewed the PSI, it may properly "satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors." ***Id.***; ***see also Commonwealth v. Fowler***, 893 A.2d 758, 766 (Pa. Super. 2006) (holding that where sentencing court had benefit of PSI, "this fact alone [is] adequate to support the sentence, and due to the court's explicit reliance on that report, we are required to presume that the court properly weighed the mitigating factors present in the case.").

Our review of the transcript of the sentencing hearing confirms the trial court considered the PSI and the sentencing guidelines at the sentencing hearing. ***See*** N.T. Sentencing Hearing, 3/15/2018, at 9. Furthermore, the trial court imposed a standard range sentence. In this regard,

[w]here the sentencing court impose[s] a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive. In those circumstances, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

*Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011). *See also Radecki*, *supra*, 180 A.3d at 471. Chapman's first claim fails.

In his second and final claim, Chapman contends that "[t]he trial court failed to advise [him] of or permit him to exercise his right [to] allocution prior to sentencing." Chapman's Brief, at 28. We disagree.

The Pennsylvania Rules of Criminal Procedure require that "[a]t the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf[.]" Pa.R.Crim.P. 708(D)(1); *see also* Pa.R.Crim.P. 704(C)(1). It is the sentencing court's obligation to inform the defendant of his right to speak prior to sentencing. *Commonwealth v. Thomas*, 553 A.2d 918, 919 (Pa. 1989). Where the trial court fails to inform the defendant of his right, a resentencing hearing is required. *Id.*; *see also Commonwealth v. Hague*, 840 A.2d 1018, 1019 (Pa. Super. 2003) (holding that failure to afford defendant right to allocution requires remand to allow for allocution prior to resentencing), *appeal denied*, 878 A.2d 863 (Pa. 2005).

Here, the trial court did provide Chapman the right to allocution. The record reflects that, at the start of sentencing, the trial court asked defense counsel if he had anything to say on behalf of his client. N.T. Sentencing Hearing, 3/15/2018, at 2. Counsel immediately responded that Chapman had

prepared a statement and wanted to address the court. *Id.* Counsel then spoke in mitigation of the sentence, after which, he asked Chapman to address the court. *Id.* at 2-4. Chapman then addressed the court in detail, mostly criticizing counsel's performance, accusing the trial court of bias, and proclaiming his innocence, although he also admitted to making bad decisions on the night in question and apologized to the victim. *Id.* at 4-7. Thus, it is evident that Chapman, a repeat felon,[2] was well aware of his right to allocution, had prepared in advance to do so, and made his statement before the trial court had the opportunity to inform him of the right.

In addition, it appears that Chapman's claim is less that the trial court did not make him aware of his right to allocution, but that it did not advise him that he should speak in mitigation. Chapman's Brief, at 31-32. Chapman fails to point to any legal support for the notion that the trial court is required to advise the defendant of what it is beneficial to say when exercising the right to allocution.

Moreover, those cases cited by Chapman in support of his claim that he is entitled to resentencing are inapposite, as they concern situations where the defendant was not given any opportunity to speak at sentencing. *See* *Thomas*, *supra* at 919 (holding defendant entitled to evidentiary hearing on claim counsel was ineffective for not informing him of right to allocution, when

---

[2] *See id.* at 9; Commonwealth's Brief, at 6.

defendant had no opportunity to speak at sentencing hearing); ***Commonwealth v. Hardy***, 99 A.3d 597, 580-581 (Pa. Super. 2014) (remanding for resentencing where defendant was not afforded opportunity to speak at sentencing); ***Commonwealth v. Anderson***, 603 A.2d 1060, 1063-1064 (Pa. Super. 1992) (holding defendant has right to allocution at resentencing and remanding where court did not afford defendant that opportunity). Here, Chapman was aware that he could speak at sentencing, prepared remarks in advance, and delivered them, our law requires nothing further. Chapman's final claim lacks merit.

Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/20/2019