J-A29018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FRANKLIN D. LONG | : | |
| | : | |
| Appellant | : | No. 3214 EDA 2017 |

Appeal from the Judgment of Sentence March 16, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002941-2016

BEFORE:   OTT, J., DUBOW, J., and STEVENS*, P.J.E.

CONCURRING/DISSENTING  MEMORANDUM  BY  STEVENS,  P.J.E.:   **FILED JUNE 26, 2019**

I concur with the Majority's affirming of Appellant's convictions. However, I respectfully disagree that Appellant is entitled to relief on his claim that his right to allocution was violated, and therefore, it is unnecessary to vacate Appellant's judgment of sentence and remand for resentencing on this basis.

As the Majority indicates, Pa.R.Crim.P. 704(C)(1) provides, in relevant part, that "[a]t the time of sentencing, the judge shall afford the defendant the opportunity to make a statement."  Pa.R.Crim.P. 704(C)(1).  It is the sentencing court's obligation to inform the defendant of his right to speak prior to sentencing.  ***Commonwealth v. Thomas***, 520 Pa. 206, 553 A.2d 918 (1989).  However, errors pertaining to the right of allocution may be waived

_____
*   Former Justice specially assigned to the Superior Court.

for appellate review where not properly challenged in the trial court. *See Commonwealth v. Hardy*, 99 A.3d 577 (Pa.Super. 2014).

In the case *sub judice*, immediately after the trial court announced Appellant's sentence, defense counsel informed the trial court that Appellant wished to read a statement of allocution. N.T., 3/16/17, at 78. The trial court, indicating that it would fully consider the statement and make any necessary changes to Appellant's sentence, permitted Appellant to read his statement. *Id.* at 78-80. As Appellant read his statement, he began looking in the courtroom for the victim and the family; however, they had already left the courtroom. *Id.* at 79-80. After Appellant concluded his statement, the trial court specifically stated it considered Appellant's statement, indicated that the statement did not change the court's sentence, and confirmed Appellant's aggregate sentence was ten years' incarceration to be followed by seven years of probation. *Id.* at 80-81. Defense counsel presented no objection pertaining to a violation of Appellant's right to allocution.

Thereafter, in his post-sentence motion, Appellant complained the trial court violated his right to allocution by not giving him an opportunity to make a statement prior to sentencing when the victim and family members were still in the courtroom. Specifically, Appellant suggested the trial court failed to provide him "with an opportunity to assert his Constitutional right to allocute and address the complaining witness[;]" "by the time he was finally permitted allocution, [Appellant] turned to address the family but they had

already left[;]" and "the fact that [Appellant] was not permitted his right to allocution and not able to apologize to the family when they were still in the room, is a violation of [Appellant's] right to allocution and should result in a new sentencing hearing."  Appellant's Post Sentence Motion, filed 3/27/17, at ¶ 6.

However, Appellant is mistaken that his right of allocution extends to the victim and family.  Rather, "[t]he significance of allocution lies in its potential to sway **the court** toward leniency prior to imposition of sentence." *Commonwealth v. Hague*, 840 A.2d 1018, 1020 (Pa.Super. 2003) (bold added).  Therefore, based on the arguments presented to the trial court with regard to Appellant's allocution issue, Appellant is not entitled to relief on appeal, and I dissent on this basis.  I concur in all other respects.