J-S26014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENARII KADEEM SPRINGS | : | |
| | : | |
| Appellant | : | No. 1535 MDA 2021 |

Appeal from the Judgment of Sentence Entered October 21, 2021,
in the Court of Common Pleas of Snyder County,
Criminal Division at No(s):  CP-55-CR-0000362-2018.

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED:  OCTOBER 21, 2022**

Denarii Kadeem Springs appeals from the judgment of sentence imposed following the revocation of his probation.  Upon review, we affirm in part and reverse in part.

On April 15, 2020, Springs pled guilty to one count of criminal mischief and was sentenced to two years' probation.  Shortly after being placed on supervision, Springs was charged with terroristic threats on May 31, 2020.  He pled no contest and was sentenced on September 30, 2021, for these charges. Based upon this new conviction, the probation department filed a request to revoke Springs' sentence of probation in this case.

_____

[*] Former Justice specially assigned to the Superior Court.

At the violation hearing on October 21, 2021, Springs admitted his subsequent conviction.  As a result, the court revoked Springs' probation and resentenced him to 2 to 24 months' incarceration.

Springs filed a post-sentence motion claiming, *inter alia*, that the court did not give him an opportunity for allocution before it sentence him.  However, before the court could rule on that motion, Springs filed this timely appeal.

On November 23, 2021, the court directed Springs to file a Rule 1925(b) statement of errors complained of on appeal within 21 days.  On December 16, 2021, 23 days later, Springs filed his statement.  The court then filed its Rule 1925(a) opinion.

On appeal, Springs raises the following single issue for our review:[1]

Did error occur where [Springs] was not specifically provided the opportunity for allocution before the [t]rial [c]ourt?

Springs' Brief at 5.

Before addressing the merits of Springs' issue, we observe that his Rule 1925(b) statement was filed two days after the deadline and, as such, was untimely.  Generally, the untimely filing of a court ordered Rule 1925(b) statement results in waiver of all issues on appeal. ***Commonwealth v. Burton***, 973 A.2d 428, 430 (Pa. 2009) (*citing **Commonwealth v. Castillo***, 888 A.2d 775 (Pa. 2005)).  However, our

---

[1] We note that Springs does not challenge the court's revocation of his probation on appeal.

Supreme Court has held that such untimely filing is *per se* ineffectiveness on the part of counsel, for which a defendant is entitled to prompt relief. ***Burton***, 973 A.2d at 433. Accordingly, we may overlook the untimely filing. Furthermore, where the court addressed the merits of an appellant's claims in an opinion, as it did here, we need not remand. ***See id.*** Thus, we will address the merits of Springs' appeal.

Springs claims his rights were violated when the court did not afford him the right of allocution. Specifically, he maintains that before the court resentenced him, it should have given him the opportunity to speak on his own behalf but did not. Springs' Brief at 7.

Springs further acknowledges that this is not necessarily fatal if an accused has nothing more to offer that could have impacted the court's sentence. Springs maintains, however, that he could have: apologized; explained what he learned during his period of incarceration and how he understood how his actions affected others; and clarified the convoluted history of his cases. ***Id.*** at 10. As a result, Springs contends that the lack of allocution was fatal and his sentence should be vacated. ***Id.*** at 12.

In its Rule 1925 opinion, the court explained:

[T]he [c]ourt acknowledges that it did not specifically ask [Springs] if he wished to make any statements prior to the [c]ourt's decision and subsequent sentence. Despite this, the record reflects that counsel for [Springs] made lengthy arguments as to the appropriateness of the sanction. The fact that [Springs'] probation should be revoked was not argued. In addition, at the conclusion of the proceeding [Springs] was asked if he had any questions. [Springs] did question the sentence that was imposed but nothing else. In addition, the [c]ourt specifically asked

- 3 -

[Springs'] counsel if there was anything else and counsel responded no. [Springs] was given the opportunity to ask questions, albeit following the imposition of the sentence, but counsel for [Springs] was given a substantial opportunity and in fact did, make points in arguments regarding an appropriate sentence.

At no time was [Springs] ever denied the opportunity to speak.

Trial Court Opinion, 3/7/22, at 3 (citation omitted). Thus, the court maintains that Springs' sentence was appropriate. *See id.* at 5.

The right of allocution, *i.e*, to personally address the court prior to sentencing, is of ancient origin. "Often referred to as the 'ancient inquiry,' the practice originated in the English common law where, as early as 1689, any failure to permit a defendant to plead for mercy required reversal." *Commonwealth v. Thomas*, 553 A.2d 918, 919 (Pa. 1989). Nothing in our modern law has "'lessen [ed] ... the need for the defendant, personally, to have the opportunity to present to the court his plea in mitigation.'" *Id.* (quoting *Green v. United States*, 365 U.S. 301 (1961), *reh'g. denied*, 365 U.S. 890) (emphasis added)).

Indeed, our rules of criminal procedure guarantee the right of allocution to all who stand convicted of crimes. This Court has previously discussed a defendant's right to allocution, explaining:

The general right to allocution is set forth in Pa.R.Crim.P. 704(C)(1), which provides:

At the time of sentencing, the judge **shall** afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing.

> Pa.R.Crim.P. 704(C)(1). Additionally, Pa.R.Crim.P. 708(D)(1), pertaining to sentencing procedures following revocation of probation, provides:
>
> > At the time of sentencing, the judge **shall** afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing.
>
> Pa.R.Crim.P. 708(D)(1). Similarly, the Sentencing Code, at 42 Pa.C.S.A. § 9752—Sentencing proceeding generally—requires that the sentencing court "afford to the defendant the right to make a statement." 42 Pa.C.S.A. § 9752(a)(2).

**Commonwealth v. Hardy**, 99 A.3d 577, 580 (Pa. Super. 2014) (emphasis added; brackets omitted). Further, our Supreme Court has noted that a defendant's right to personally address the court prior to sentencing, and thereby plead for mercy, is of paramount importance. **Thomas**, 553 A.2d at 919. Where a court fails to afford a defendant this right, the matter must be remanded for allocution and resentencing. **Hardy**, 99 A.3d at 580.

Here, the court acknowledges that it sentenced Springs without giving him the opportunity to speak on his behalf prior to sentencing him. This constitutes reversible error. Nonetheless, the court suggests that the proceedings here still sufficiently afforded Springs his right of allocution. Upon review, we disagree.

First, we note that it is the sentencing court's obligation to inform the defendant of his right to speak prior to sentencing; where the court fails to do so, a resentencing hearing is required. **Thomas**, 553 A.2d at 919; **see**

- 5 -

*also Commonwealth v. Hague*, 840 A.2d 1018, 1019 (Pa. Super. 2003). The court maintains that Springs was never precluded from speaking and further suggests it satisfied its obligation when it asked Springs if he had any questions after sentencing. Notably, the court's inquiry was untimely as it did not occur before Springs was sentenced. Additionally, the court's inquiry did not inform Springs he had the right of allocution or convey the essence of that right to him. Instead, the court put it on Springs to respond to the court's broad and generic question to ask for mercy and/or offer information to mitigate his sentence.

The court further noted that counsel had the opportunity to address the court on behalf of Springs. We observe however that the right of allocution is *personal to the defendant*. "[T]he most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." *Thomas*, 553 A.2d at 919. Thus, counsel's statements to the court were likewise an inadequate substitute for Springs' allocution.

Finally, both Springs and the Commonwealth claim that we must determine whether Springs could demonstrate prejudice by offering other favorable information. For this proposition, they rely on our decision in *Commonwealth v. Barton*, 458 A.2d 571 (Pa. Super. 1983).

After *Barton* was decided, however, our Supreme Court specifically rejected the argument that "one who stands convicted of a crime and who is denied an opportunity to address the sentencing court must somehow demonstrate prejudice thereby." *Thomas*, 553 A.2d at 519. As the Court

observed, "what effect the exercise of the right of allocution might have on the subjective process of sentencing can never be known with such certainty that a reviewing court can conclude there was no prejudice in its absence." *Id.* Thus, ***Barton's*** requirement of prejudice no longer applies; prejudice is presumed.

In sum, we conclude that the trial court erred when it denied Springs his right of allocution during sentencing. We affirm the court's order insofar as it revokes Springs' probation. However, in light of the court's error, we reverse the judgment of sentence and remand for resentencing.

Order affirmed in part and reversed in part. Case remanded for further proceedings in accordance with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2022

- 7 -